Forest STATHAM, Appellant,

v.

T. L. JAMES & COMPANY, INC., and R. W. McKinney, Appellees.

No. 5700.

Court of Civil Appeals of Texas, Waco.

Feb. 28, 1977.

Rehearing Denied March 24, 1977.

Charles B. McGregor, Beard & Kultgen, Waco, for appellant.

Dan Mayfield, Waco, for appellees.

HALL, Justice.

In March, 1975, appellant, Forest Statham, was injured in a motor vehicle accident on U. S. Highway 84 in McLennan County where construction activity was being conducted by appellees, T. L. James & Company, Inc., and R. W. McKinney. When stopped by traffic because of the construction, Statham's pickup was struck from behind by a truck owned by South Texas Independent Milk Producers Association and driven by its employee, Anastacio Hinojosa. Asserting negligent causation against Hinojosa, Statham brought suit against him and Milk Producers in July, 1975, seeking damages totaling $300,000 for his injuries. In January, 1976, the case was tried to a jury which made findings in favor of Statham on the negligence issues and set his damages at $15,000. On January 22, 1976, judgment was rendered on the verdict awarding Statham $15,000 against Milk Producers and Hinojosa, ordering them to pay that sum into the registry of the court "to be paid Plaintiff upon the application of Plaintiff for such payment," finding that simultaneous with the entry of judgment "the Defendants have paid the total amount of the judgment into the registry of the court and have paid the costs of court," and decreeing that execution would not issue on the judgment.

Statham has not applied to the court clerk for the $15,000, and none of it has been paid to him.

On March 8, 1976, Statham filed this suit against the appellees, James and McKinney, asserting the collision was caused by the negligence of their employees, and again seeking damages in the amount of $300,000 for his injuries.

Appellees filed a plea in bar to this second suit, alleging substantially the facts we have already recited, and asserting in effect that where a plaintiff has a cause of action against joint tortfeasors he may prosecute only one suit to satisfaction against one, or several, or all of them; that Milk Producers, Hinojosa, and appellees are joint tortfeasors; that Statham elected to sue only Milk Producers and Hinojosa without joining appellees; that the suit was prosecuted to judgment; that the judgment was satisfied by the deposit of the $15,000 into the registry of the court for Statham's withdrawal; and that, accordingly, Statham has had his day in court. The plea was sustained, and a take-nothing judgment was rendered in favor of appellees. Statham appeals.

The parties come forward on this appeal on an agreed statement of facts in which they stipulate that appellees and Milk Producers and Hinojosa are joint tortfeasors, and that the plea in bar was tried and determined by the trial court on that basis.

It is the settled rule that the injured party may sue and proceed to judgment against all joint tortfeasors together, or any number less than all, or each one separately in successive suits; and that a judgment recovered against one of them, remaining unsatisfied, will not operate as a bar to an action against another; provided, however, the plaintiff may finally satisfy only one judgment. *McGehee v. Shafer*, 15 Tex. 198, 203 (1855); *Landers v. East Texas Salt Water Disposal Co.*, 151 Tex. 251, 248 S.W.2d 731, 734 (1952); *Parma v. First National Bank of Cameron*, 22 S.W.2d 957, 958 (Tex.Civ.App.—Austin 1929, writ ref'd); *Bentley v. Halliburton Oil Well Cementing*

*Co.,* 174 F.2d 788, 790 (5th Cir. 1949); 34 Tex.Jur.2d 556, Judgments, § 497.

 There remains the question of whether the mere payment into court of the amount of a judgment obtained by separate suit against one joint tortfeasor bars further proceedings against the others where the payment was made without the plaintiff's consent and is not accepted by him in satisfaction of his damages. Although this question has not been answered in Texas, the majority rule is that under such circumstances the payment is not a bar. 40 A.L. R.3d 1184 (1971); 50 C.J.S. Judgments § 761, p. 288 (1947). This is also the rule adopted in the Restatements. See Restatement, Torts § 886, Comment c, p. 465 (1939); and Restatement, Judgments § 95, Comment d, p. 471 (1942).

 Recently, our Supreme Court expressly disavowed the so-called "unity of release" rule (that release of one joint tortfeasor releases all) and held a release made thereafter effective only as to those named or otherwise specifically identified in it. *McMillen v. Klingensmith,* 467 S.W.2d 193, 196 (Tex.Sup.1971). More recently, the Legislature enacted Article 2212a, Vernon's Tex.Civ.St. (effective September 1, 1973), providing in part that if the existence and amount of a joint tortfeasor's negligence are not submitted to the jury because he has paid an amount to the claimant in settlement, then the other joint tortfeasors "[are] entitled to deduct from the amount for which [each] is liable to the claimant a percentage of the amount of the settlement based on the relationship the defendant's own negligence bears to the total negligence of all defendants." This statute clearly shows that settlement with one joint tortfeasor affects the amount of the recovery from the others but does not bar suit against them.

Since a settlement with Milk Producers and Hinojosa would not bar this action, the mere payment into court of the amount of the judgment against them, which was paid without Statham's consent and has not been accepted by him, should not be a bar. We hold it is not, and align Texas with the majority rule.

The judgment is reversed and this cause is remanded for trial.