T. L. JAMES AND COMPANY, INC. and R. W. McKINNEY, Petitioners,

v.

Forest STATHAM, Respondent.

No. B–6726.

Supreme Court of Texas.

Nov. 23, 1977.

Rehearing Denied Dec. 14, 1977.

Sheehy, Lovelace & Mayfield, Dan E. Mayfield, Waco, for petitioners.

Beard & Kultgen, David B. Kultgen, Waco, for respondent.

STEAKLEY, Justice.

In July, 1975, Forest Statham, our Respondent, sued South Texas Independent Milk Producers Association (STIMPA), and its employee, Anastacio Hinojosa, for damages in the sum of $300,000.00. Statham alleged that his damages were caused by the negligence of Hinojosa when the STIMPA truck he was driving struck Statham's pickup from the rear on March 10, 1975, while he was stopped with other traffic at a highway construction site. Our Petitioners, T. L. James & Company, Inc. and R. W. McKinney, were conducting the highway construction activity.

Statham's suit against STIMPA and Hinojosa was tried to a jury in January, 1976. The jury found that Hinojosa was negligent, which was the proximate cause of Statham's damages, in his lookout, in the application of his brakes, and in failing to maintain an assured clear distance. The jury also found that the sum of $8,000.00 "would fairly and reasonably compensate Forest Statham for his injuries" resulting "from the occurrence in question"; that the "reasonable expenses . . . for necessary medical and hospital care and expense received by Forest Statham in the past for treatment of his injuries" resulting from the occurrence in question were in the sum of $7,000.00; and that his future medical expenses would be "none."

Under date of January 22, 1976, judgment was rendered on the jury verdict in pertinent part as follows:

"It is therefore ORDERED, ADJUDGED AND DECREED that Plaintiff, Forest Statham, have judgment against Defendants, South Texas Independent Milk Producers Association and Anastacio Hinojosa in the amount of FIFTEEN THOUSAND AND NO/100 ($15,000.00) DOLLARS, plus interest on that amount from date at the rate of 6% per annum, plus costs.

"It is therefore ORDERED, ADJUDGED AND DECREED that Defendants pay into the Registry of this Court the sum of FIFTEEN THOUSAND AND NO/100 ($15,000.00) DOLLARS, which sum is to be paid Plaintiff upon the application of Plaintiff for such payment.

"And it appearing to the Court that simultaneous with the entry of this judgment, the Defendants have paid the total amount of the judgment into the Registry of the Court, and have paid the costs of Court.

"It is, therefore, ORDERED, ADJUDGED AND DECREED that no execution shall issue hereon."

There was no appeal from this judgment. It is to be noted that the manner of satisfaction of the judgment was decreed to be by payment into the registry of the court. Attached to the Agreed Statement of Facts upon which the case at hand was submitted is a certificate of the Clerk of the trial court that his office has "accepted the total amount of $15,000.00, pursuant to said judgment, and the said $15,000.00 so accepted by me is and has been continuously maintained in the Registry of the 170th District Court from January 22, 1976 through date hereof, which sum, pursuant to said judgment, will be paid to the Plaintiff therein, Forest Statham, upon the application of Plaintiff Forest Statham for such payment." Statham has not applied for the money.

Under date of March 8, 1976, Statham filed the instant suit against the highway contractors, James and McKinney, our Petitioners. This suit was based upon the same

occurrence as the prior suit of Statham against STIMPA, *et al.* Statham alleged in this second suit that the collision between Statham's pickup and the STIMPA truck "was proximately caused by the negligence of defendants' employees and servants, acting in the scope of their employment, in failing to station a flagman on Highway 84 in such position as to effectively warn vehicles approaching the back of said line of traffic of the stopped traffic on the highway in front of them. The collision has resulted in severe permanent physical injuries to plaintiff and pain, suffering and mental anguish to plaintiff's damage in the sum of $300,000.00."

James and McKinney filed a plea in bar predicated on the prior suit and final judgment, saying "that Forest Statham has had his day in court, he has had a determination of all of his damages and injuries resulting from the occurrence in question of March 10, 1975." The plea in bar was sustained by the trial court and a take nothing judgment was rendered in favor of James-McKinney. On appeal by Statham the Court of Civil Appeals reversed the judgment of the trial court and remanded the cause for trial. Tex.Civ.App., 548 S.W.2d 100. That court ruled that the payment by STIMPA, *et al.*, of $15,000.00 into the registry of the court as decreed did not bar Statham's subsequent suit against James-McKinney, citing *McMillen v. Klingensmith*, 467 S.W.2d 193 (Tex.1971), and the enactment by the Legislature of Article 2212a, Tex.Rev.Civ.Stat. Ann. which became effective September 1, 1973.

It was Statham's position in reply to the application for writ of error that the judgment against STIMPA *et al.*, is unsatisfied because the payment into the registry of the court was voluntary and without his consent; and that he is entitled to proceed separately against STIMPA, *et al.*, and James-McKinney and then elect which judgment he desires to be satisfied. Statham further argues that under *McMillen v. Klingensmith, supra,* and Article 2212a,

sometimes called the Comparative Negligence Amendment, it can no longer be assumed that damages awarded against one joint tortfeasor represent the total injury which the plaintiff has sustained. Statham further says that the payment into the registry of the court by STIMPA, *et al.,* of the sum of $15,000.00 was "in settlement" of the earlier judgment under Article 2212a(2)(d), which reads:

> "If an alleged joint tortfeasor pays an amount to a claimant *in settlement,* but is never joined as a party defendant, . . each defendant is entitled to deduct from the amount for which he is liable to the claimant a percentage of the amount of *the settlement* based on the relationship the defendant's own negligence bears to the total negligence of all defendants." (Emphasis added).

The statute is not applicable under its express terms. The payment by STIMPA, *et al.,* of the full amount of damage to Statham as found by the jury, and in the manner decreed by the trial court, was not a payment "in settlement" by an alleged tortfeasor. Moreover, the payment was by a tortfeasor who had been "joined as a party defendant."

Statham has tacitly recognized the inapplicability of the statute in his Supplemental Brief filed after oral submission. He there presents the argument that the Court should do away with what he terms the "one satisfaction" rule by adopting a rule of decision that payment of a judgment by a joint tortfeasor has the same results as the payment of a settlement under the statute. From this, Statham continues by saying that James-McKinney would have the right to join STIMPA, *et al.,* in the present suit in the trial of which the jury could determine the percentage of his negligence, that of STIMPA, *et al.,* and that of James-McKinney. Or, on the other hand, Statham says that James-McKinney could in the present suit elect to proceed to trial without joining STIMPA, *et al.,* in which event the amount of damages which James-McKinney

could be required to pay would be the amount of Statham's damages assessed by the jury in this case, less the sum of $15,000.00 paid by STIMPA, et al., in satisfaction of the first judgment.

■ These and other considerations may influence the rules of the future governing the effect of successive suits against joint tortfeasors where the judgment in the first suit is unsatisfied.[1] This must wait for another day. In the case now before us the judgment in Statham's first suit against STIMPA, et al., has been satisfied in the precise manner required by the terms of the judgment decree, i. e., by payment into the registry of the court. We adhere to the rule stated in Bradshaw v. Baylor University, 126 Tex. 99, 84 S.W.2d 703 (1935), and explicitly reaffirmed in McMillen v. Klingensmith, 467 S.W.2d 193 (Tex.1971), that a claimant in no event will be entitled to recover more than the amount required for full satisfaction of his damages.

■ Statham could have brought suit jointly against STIMPA, et al., and against James-McKinney. Landers v. East Texas Salt Water Disposal Co., 151 Tex. 251, 248 S.W.2d 731 (1952). He did not do so. He elected to seek redress for his damage from STIMPA, et al. The jury found his damage to be $15,000.00. No issue was submitted addressing the question of the comparative negligence of Statham himself, or of STIMPA, et al., or of any third party. Issue No. 1 inquired of the negligence of Hinojosa, the driver of the STIMPA vehicle in certain particulars, and whether the negligence found was a proximate cause of the occurrence in question. Issue No. 2 inquired what sum of money would fairly and reasonably compensate Statham for his injuries. Issue No. 3 inquired of the reasonable expenses of Statham for necessary medical and hospital care and expenses received by Statham in the past. Issue No. 4 inquired

of future medical expenses. These were the only issues submitted and there is no claim that any other issues were requested. The judgment based on the answers of the jury to these issues has been paid in the manner decreed by the trial court. It has been recognized that the court may order money paid into court in satisfaction of its judgment, and may make the Clerk the custodian of it. Texas & Pac. R.R. Co. v. Walker, 93 Tex. 611, 57 S.W. 568 (1900). It is our view that in legal contemplation Statham has been compensated for his injuries and is within the rule of Bradshaw v. Baylor University, supra. It was there said:

"[W]hat right has Bradshaw, who has been fully compensated for his injuries, to recover further damages? The only answer which accords with justice and the authorities is that he has none. The jury found that $6,500, if paid at the date of trial, would compensate him for the injuries sustained. He had theretofore been paid that exact amount. It is a rule of general acceptation that an injured party is entitled to but one satisfaction for the injuries sustained by him. That rule is in no sense modified by the circumstance that more than one wrongdoer contributed to bring about his injuries. There being but one injury, there can, in justice, be but one satisfaction for that injury. The fact that the money was paid to him in consideration for his covenant not to sue the railroad company and for his partial assignment to that company renders it none the less a payment as compensation for his injuries."

126 Tex. 99, 103–4, 84 S.W.2d 703, 705.

Hunt v. Ziegler, 271 S.W. 936 (Tex.Civ. App.1925), affirmed 280 S.W. 546 (Tex. Comm.App.1926, judgment adopted), cited in Bradshaw, states the controlling rule, and the rationale for its application, as follows:

1. Professor Prosser, states that ". . . [i]t is now held everywhere that an unsatisfied judgment against one tortfeasor does not bar an action against another . . .." Prosser, Handbook of the Law of Torts, 299–300 (4th ed. 1971).

"It is a universal rule that where there has been a judgment against one of two or more joint tort-feasors, followed by an acceptance of satisfaction, all other tort-feasors are thereby released, and the judgment and satisfaction may be successfully pleaded by them to the maintenance of the same or another suit by the same plaintiff involving the same cause of action; . . .

. . . . .

"The rule is applied to joint tort-feasors because of the fundamental fact that there is but a single injury, in itself and of itself indivisible, and constituting an indivisible cause of action, for which both in law and good conscience there can be but one satisfaction; and when that satisfaction is made by one of the joint tort-feasors, or by any person (*Lovejoy v. Murray*, 3 Wall. 1, 18 L.Ed. 129), it has the effect of releasing all others who may be jointly, or jointly and severally liable." 271 S.W. at 938.

Statham cannot free himself from application of these accepted rules by the strategy of not withdrawing the original judgment sum of $15,000.00 while he pursues his suit against James-McKinney. His purpose, of course, was to gain a second trial in the hope that the second fact finder would find his damage to be greater, which larger figure he could elect to accept. But his injury grew out of one occurrence and was a single and indivisible injury. The fact finders have found that payment of the sum of $15,000.00 would fairly and reasonably compensate him for his entire damages. This amount was paid by STIMPA, *et al.*, in the precise manner decreed by the trial court and we hold such payment constituted a satisfaction of the judgment. The maneuver of Statham in dividing his suits between joint tortfeasors, while understandable and his supporting arguments ingenious, must fail under these circumstances. He is entitled in law and good conscience to but one satisfaction.

The judgment of the Court of Civil Appeals is reversed and that of the trial court is affirmed.