Linda Elayne REXROAT, Individually and as next friend of Melony Marie Rexroat, a minor, et al., Appellants,

v.

Terry Wayne PRESCOTT, Appellee.

No. 8892.

Court of Civil Appeals of Texas, Amarillo.

Aug. 14, 1978.

Rehearing Denied Aug. 18, 1978.

Templeton & Garner, John Judge, Amarillo, for appellants.

Gibson, Ochsner & Adkins, Danny M. Needham, Amarillo, for appellee.

ROBINSON, Chief Justice.

Plaintiffs appeal from an order of the trial court sustaining the plea in bar of the defendant Prescott, one of two alleged joint tortfeasors in an accident causing plaintiffs' injuries. Reversed and remanded.

Plaintiffs filed suit for damages for injuries sustained in an intersection collision involving three vehicles. Defendant Terry Wayne Prescott was stopped in his jeep, preparing to make a left turn at an intersection. Plaintiffs' vehicle approached the intersection from the opposite direction. Defendant John Thomas Cooksey's car struck defendant Prescott's jeep from the rear with such force that it crossed the intersection and collided with plaintiffs' car.

Plaintiff Linda Rexroat suffered injuries, including a fractured elbow and tendon damage to her arm. Her daughter Melony Rexroat, a minor, suffered facial and dental injuries. Two other passengers in the Rexroat car, Kevin and Kerin Crone, both minors, received cuts and bruises. Intervenor, John Paul Evans, a passenger in the Prescott jeep, sustained a knee injury. Plaintiffs alleged that the collision and resulting damages were proximately caused by acts of negligence on the part of both Cooksey and Prescott.

Cooksey's insurance company filed a plea in intervention, tendered into court the $20,000.00 bodily injury liability policy limits, and asked the court to apportion the sum among the claimants. After a hearing, the trial court signed an instrument denominated "ORDER APPROVING SETTLEMENT BETWEEN CERTAIN PARTIES AND DIRECTING DISBURSEMENT OF FUNDS HELD IN THE REGISTRY OF THE COURT." The order recited that the parties were ready for hearing before the Court on the question of distribution and apportionment. The order further recited that settlement had been reached with John Thomas Cooksey so that the funds could be distributed and Cooksey and his insurance carrier released without a trial on the merits. The court approved the settlement. The order included the following language:

> IT IS ACCORDINGLY ORDERED, ADJUDGED AND DECREED by the Court that LINDA ELAYNE REXROAT, individually and in her representative capacity, MELONY MARIE REXROAT, PAULETTE CRONE, individually and in her representative capacity, KEVIN ALLAN CRONE, KERIN ALICE CRONE and JOHN PAUL EVANS recover judgment against JOHN THOMAS COOKSEY in the sum of $19,642.00.

The court then apportioned and ordered distributed the $19,642.00 sum. Three hundred fifty eight dollars ($358), representing the amount of money previously paid to Terry Wayne Prescott in settlement for his personal injuries, was returned to the insurance company. After rendition of the order

approving settlement, Linda Rexroat, individually and as next friend of Melony Marie Rexroat, Paulette Crone, individually and as next friend of Kevin Allan Crone and Kerin Alice Crone, and John Paul Evans executed a release of Cooksey and his insurance carrier. The funds apportioned to each were withdrawn from the registry of the court. Prescott was not a party to the settlement.

Defendant Prescott then filed a plea in bar contending that the plaintiffs' claims against Prescott were extinguished when plaintiffs "severally obtained judgment against John Thomas Cooksey and received and accepted the funds tendered in full satisfaction and discharge of that judgment." The trial court sustained the plea in bar. Plaintiffs appeal.

The sole question for our determination is whether payment of a judgment or order apportioning and approving a settlement involving a minor is a bar to further action against a concurrent tortfeasor who is not a party to the settlement and is not mentioned in any attendant releases.

■ There is a difference between satisfaction of damages and a release.

A satisfaction is an acceptance of full compensation for the injury; a release is a surrender of the cause of action, which may be gratuitous, or given for inadequate consideration.

\*     \*     \*     \*     \*     \*

Until quite recent years, most of the courts have continued to hold that a release to one of two concurrent tortfeasors is a complete surrender of any cause of action against the other, and a bar to any suit against him, without regard to the sufficiency of the compensation actually received.

Prosser, Law of Torts, § 49 at 301 (4th Ed. 1971). The Supreme Court of Texas in *McMillen v. Klingensmith*, 467 S.W.2d 193 (Tex.1971), repudiated the rule that a release of one of two or more tortfeasors is a release of the others. The Supreme Court said:

We hold that a release of a party or parties named or otherwise specifically identified fully releases only the parties so named or identified, but no others. 467 S.W.2d at 196. The Court expressly preserved the rule that a claimant in no event will be entitled to recover more than the amount required for full satisfaction of his damages.

■ Thus under *Klingensmith* a contractual release discharges only the parties named therein. On the other hand, acceptance of satisfaction of a judgment against one of two or more joint tortfeasors releases all defendants, and they may plead judgment and satisfaction in another suit by the same plaintiff involving the same action. *T. L. James & Co., Inc. v. Statham*, 558 S.W.2d 865 (Tex.1977); *Hunt v. Ziegler*, 271 S.W. 936 (Tex.Civ.App.—San Antonio 1925), affirmed 280 S.W. 546 (Tex.Com.App.1926, jdgmt adopted); *Bradshaw v. Baylor University*, 126 Tex. 99, 84 S.W.2d 703 (1935).

■ The question before us arises because a minor plaintiff may not settle with and release one joint tortfeasor without the approval of the court. Rule 44, Tex.R. Civ.P., provides for representation of minors by a next friend and for settlement of their causes of action as follows:

Minors, lunatics, idiots, or persons non compos mentis who have no legal guardian may sue and be represented by "next friend" under the following rules:

\*     \*     \*     \*     \*     \*

(2) Such next friend or his attorney of record may with the approval of the court compromise suits and agree to judgments, and such judgments, agreements and compromises, when approved by the court, shall be forever binding and conclusive upon the party plaintiff in such suit.

The procedure used for settlement under Rule 44 has been the so-called "friendly suit." See *Brightwell v. Rabeck*, 430 S.W.2d 252 (Tex.Civ.App.—Ft. Worth 1968, writ ref'd n. r. e.).

The Court in *Leong v. Wright*, 478 S.W.2d 839 (Tex.Civ.App.—Houston [14th

Dist.] 1972, writ ref'd n. r. e.) considered whether such a judgment apportioning and approving a settlement involving a minor in a case against two or more tortfeasors would bar a cause of action against non-settling tortfeasors. The Court held:

> The judgment was entered solely because a minor was involved and because the law requires such a procedure. Liability was denied, the customary releases and covenants not to sue were executed, and the judgment released. Under the circumstances, the formal judgment entered carried no more weight than the ordinary settlement agreement, covenant not to sue, and the indemnity agreement.

We believe that the foregoing language from *Leong* is applicable to the facts before us. To hold otherwise would mean that a minor would be forced to either forego any benefits that he might obtain by settling with and releasing one defendant or give up his entire claim against the other defendant without full compensation. We conclude that the judgment apportioning and approving the settlement with Cooksey and the withdrawal of the funds thereunder is not a bar to plaintiffs' cause of action against Prescott.

The judgment of the trial court sustaining the plea in bar and decreeing that plaintiffs take nothing against Thomas Wayne Prescott is reversed and the cause remanded to the trial court.