Janie M. DANIEL, a Widow, Individually and as next friend of Shane O. Daniel and Lisa D'Ann Daniel

v.

The ANSUL COMPANY.

Civ. A. No. B–79–203.

United States District Court,
S. D. Texas,
Brownsville Division.

Aug. 26, 1980.

**6**

Ronald B. Brin, Corpus Christi, Tex., for defendant.

### ORDER

KAZEN, District Judge.

Janie M. Daniel, widow of Richard A. Daniel, filed suit against the Ansul Company in the 92nd Judicial District Court of Hidalgo County, Texas. She sued individually, as Administratrix of the estate of her dead husband, and also on behalf of his four children. The suit is generally one for damages as a result of the alleged wrongful death of Richard A. Daniel on October 17, 1977, when a fire extinguisher manufactured by the Defendant exploded and killed him instantly. The suit was removed to federal court based on diversity jurisdiction. 28 U.S.C. § 1332(a)(1).

Pending before the Court is Defendant's plea in bar. The plea essentially claims that these Plaintiffs were awarded final judgment against another defendant arising out of the identical incident, that the final judgment was satisfied, and that therefore they are prohibited as a matter of law from recovering any further damages. The prior suit was Civil Action No. L–78–53, filed in the Laredo Division of the Southern District of Texas. That suit was brought against the United States of America under the Federal Tort Claims Act. The incident in question occurred at the Padre Island National Seashore and the prior suit generally alleged that the Government was negligent in having a dangerous fire extinguisher on the premises. Just as in this suit, Plaintiffs in the prior suit were Janie M. Daniel, the widow, individually and on behalf of the four children of the deceased.

In the prior action, the case was terminated by an instrument labeled "Final Judgment", signed by the Honorable Robert O'Conor, Jr. on April 4, 1979. The judgment recites that on April 4, 1979, the parties appeared in court. It then states: "The parties announced to the Court that they have settled the lawsuit by agreement on [sic] $490,000.00 Dollars, plus cost [sic] to be paid by the Defendant for all possible claims the parties have alleged against the Defendant." The present Defendant, the Ansul Company, was in no way involved in the prior suit. The Plaintiffs were represented by the same attorneys then and now. A certified transcript from Judge O'Conor's court reporter reveals that when the settlement in the prior case was presented to the court for approval, the Plaintiffs' attorney represented that the Plaintiffs had settled with the Government but that they did not intend the settlement to apply "to any other possible tort-feasors". They conceded, however, that this reservation was "not expressly stated in the judgment".

In submitting their respective briefs in support of and opposition to the pending plea in bar, the parties to the present case are each relying on separate, and relatively recent, decisions by the Texas Supreme Court. In *McMillen v. Klingensmith*, 467 S.W.2d 193 (Tex.Sup.Ct.1971), the Texas Supreme Court abolished the old "unity of release" rule and held that henceforth when a person releases a tort-feasor, the release operates to discharge only those parties named in the release or otherwise specifically identified therein, but no other. In so holding, however, the Supreme Court specifically preserved the rule "that a claimant in no event will be entitled to recover more than the amount required for full satisfaction of his damages. *Bradshaw v. Baylor*

*University*, 126 Tex. 99, 84 S.W.2d 703 (1935)." 467 S.W.2d at 196.

The other key decision is *T. L. James & Co., Inc. v. Statham*, 558 S.W.2d 865 (Tex. Sup.Ct.1977). There, Statham had sued the owner and driver of a vehicle with which he had collided, alleging negligence and resulting damages for personal injuries. The case was tried to a jury and the jury found damages in the sum of $15,000.00. A judgment was entered in that amount. The judgment concluded with the recitation that the defendants had paid the total amount of the judgment simultaneous with its entry and therefore ordered that no execution should issue. Thereafter, Statham sued certain highway contractors seeking damages from the same occurrence, based on their alleged negligence in failing to station a flagman at the scene of the accident to warn of certain allegedly dangerous highway conditions. Those defendants then filed a plea in bar. Statham argued that his prior suit and his collecting of the adjudged damages in full should not be a bar, based on *McMillen v. Klingensmith, supra.* The Texas Supreme Court held that the judgment obtained by Statham in the first suit had been satisfied and that therefore Statham had been fully compensated for his injuries, again citing *Bradshaw v. Baylor University, supra.* The court stated the controlling and universal rule to be that where a judgment is entered against one of two or more joint tort-feasors, followed by an acceptance of satisfaction by the plaintiff, all other tort-feasors are thereby released. The court specifically declined to reject this "one satisfaction" rule and refused to hold that payment of a judgment by a tort-feasor was equivalent to payment of a settlement.

With that background, the precise issue presented to the Court by the parties in this case is whether or not the agreed judgment entered into by the Plaintiffs in the prior suit, Civil Action No. L-78-53, and the resulting satisfaction of that judgment, is controlled by the settlement rule under *McMillen, supra,* or whether it is controlled by the "one satisfaction" rule as set forth in *Bradshaw* and *T. L. James & Company, Inc. v. Statham, supra.*

■ At least with respect to the minor Plaintiffs, the Court finds little difficulty in reaching its decision. Since this is a diversity case, Texas law applies. Two Texas cases are clearly controlling. In *Leong v. Wright*, 478 S.W.2d 839 (Tex.Civ.App.1972, writ ref. n. r. e.) and *Rexroat v. Prescott*, 570 S.W.2d 457 (Tex.Civ.App.1978, writ ref. n. r. e.), agreed judgments were entered against one tort-feasor on behalf of minor plaintiffs. The judgments were fully satisfied and thereafter the plaintiffs sought to continue prosecuting their causes of action against other tort-feasors. In each case, the non-settling tort-feasors urged that satisfaction of the prior judgment was a bar to further proceedings. In *Leong* the Court held that the prior judgments had been entered simply because a minor plaintiff was involved and because Texas law required such a procedure. The court noted that the settling defendant had denied liability and had paid money in order to obtain a release. Under these circumstances, the court stated that, "the formal judgment entered carried no more weight than the ordinary settlement agreement..." 478 S.W.2d at 845. Accordingly, the court invoked the *McMillen* rule, to the effect that release of one tort-feasor does not discharge another tort-feasor. In *Rexroat*, the court specifically noted the difference "between satisfaction of damages and a release." 570 S.W.2d at 459. Again it was noted that under Texas procedure a minor plaintiff may not settle with a tort-feasor without court approval which is obtained through the so-called "friendly suit". Rule 44, Tex. R.Civ.P. Accordingly, relying on *Leong, supra*, the court held that the judgment in the friendly suit was not a bar to the subsequent suit but was instead more akin to a simple release. *Accord, Air Shields, Inc. v. Spears*, 590 S.W.2d 574 (Tex.Civ.App.1979, no writ hist.).

■ In the instant case, the Ansul Company argues that the legal reasoning behind *Leong* and *Rexroat* is "poor and those cases should not be followed." As this Court

understands the law, it must follow clear Texas precedent in this diversity case, especially if there is no cited law to the contrary, even were the Court to agree that the reasoning left something to be desired. The fact is, however, that this Court has no difficulty whatever agreeing with the reasoning of *Leong* and *Rexroat*. It is quite true that Texas procedure requires the claim of a minor plaintiff to be presented to a court for approval. This approval is ultimately given by a "judgment" but in every true respect, assuming there has been no actual trial of the controverted facts, the case is in no way different from the situation where an adult plaintiff signs a release.

 Insofar as the pending plea in bar is also being urged against the claim of the widow, Janie M. Daniel, it is obvious that the explicit language of *Leong* and *Rexroat, supra*, would not strictly apply. In other words, it cannot be said that the adult plaintiff was required to obtain court approval of her portion of the settlement in the prior case. Nevertheless, the final judgment in Civil Action No. L–78–53 specifically allocates part of the settlement proceeds directly to the widow for her individual recovery. The question, therefore, is whether or not an agreed judgment awarding damages to an adult plaintiff and specifically reciting that it is based upon agreement of the parties, as distinguished from a contested trial, would be also more akin to a settlement, similar to a minor's "friendly suit", or whether it would come under the "one satisfaction" rule. The parties have not addressed this precise issue nor have they cited any controlling Texas authority. The Plaintiff has, however, cited to the Court the decision by Judge Singleton in *Dickens v. United States*, 378 F.Supp. 845 (S.D.Tex.1974), aff'd, 545 F.2d 886 (5th Cir. 1977). There, in a very similar fact situation, Judge Singleton found the Texas rule to be that "agreed judgments are in the nature of contracts and are to be construed in light of all the circumstances." *Id.* at 858. He therefore concluded that an agreed judgment should be treated as a release and governed by the *McMillen* rule. This Court concludes that if faced with this

identical fact situation, a Texas court would definitely hold that an agreed judgment which simply adopts a voluntary settlement agreement is governed by *McMillen* and not by the "one satisfaction" rule, even when an adult plaintiff is involved. A contrary holding would clearly elevate form over substance.

Implicit in the rule of *Bradshaw v. Baylor University, supra*, and all subsequent cases following the "one satisfaction" rule is that the extent of the plaintiff's damages has been judicially determined by an appropriate factfinder, be it the jury or the trial judge. In that circumstance, it is only fair that the plaintiff recover no more than the judicially determined amount of damages. It is common knowledge that many, if not most, personal injury claims are ultimately settled. While the suit of an adult plaintiff can be terminated by a simple order of dismissal, the court is also well aware that many attorneys choose to terminate settled lawsuits by submitting to the court an agreed judgment reciting the terms of the settlement. There is simply no logical basis for having one rule in the former instance and a different rule in the latter instance. Indeed, in *McMillen*, the Texas Supreme Court noted the widespread confusion between satisfaction of a claim and release of a cause of action. The court explained that a "satisfaction" is the acceptance of full compensation for an injury whereas a "release" is the voluntary surrender of a cause of action, which might be gratuitous or given for inadequate consideration. 467 S.W.2d at 195. In this respect, an agreed judgment based on a settlement can clearly be no different from a release. Further, the *McMillen* decision noted extensive criticism of the old "unity of release" rule because it was "a trap for the unwary who do not notice in a document such nice distinctions." 467 S.W.2d at 196. Likewise, this Court shall disregard the nice distinction between an agreed judgment ratifying a settlement and a simple release.

In so doing, the Court notes and rejects Defendant's reliance on *Wagner v. Warnasch*, 156 Tex. 334, 295 S.W.2d 890 (1956).

That case involved an agreed judgment which settled a suit over a roadway easement. Part of the agreement obligated one party to construct certain cattleguards at designated locations. When that party failed to do so, even though the other party had fully complied with its part of the agreement, a motion was filed requesting the trial court to issue an order forcing compliance with the previous judgment. The order was granted and the precise issue before the Texas Supreme Court was whether the enforcement order was itself an appealable judgment. That court held that it was not, because it was simply an order enforcing the original agreed judgment, which was itself the final judgment in the case. The court stated that a consent judgment, although contractual in nature, was more than a mere contract. The consent judgment was held to be mandatory and created obligations just as if "that obligation had been imposed by the court after trial on the merits." *Id.* at 893. Taken out of context, this language could support the Defendant's position. In *Wagner*, however, the Supreme Court was discussing the erroneous holding of the Court of Civil Appeals to the effect that a consent judgment is merely an order of dismissal and therefore, *as between the parties*, could not be directly enforced without filing a separate independent suit for specific performance of a contract. The Supreme Court disagreed and held that as between the parties to an agreed judgment, once that judgment is entered, it is fully binding. Thus, in Civil Action No. L–78–53, once Judge O'Conor signed the final agreed judgment, it would be binding on both parties thereto and could thereafter be enforced in the same manner as any other judgment. The *Wagner* case simply has no bearing whatever on the question of whether a third party, who was in no way privy to an agreed judgment, can invoke that judgment as an absolute bar to any liability on his part. Put another way, the Texas Supreme Court in *Wagner* was not concerned with the "nice distinction" between settlements, friendly suits, agreed judgments, and judgments entered after full litigation on the merits.

For all of the foregoing reasons, it is ORDERED that Defendant's plea in bar be and the same is hereby DENIED.