Melba Rheudell BURRELL, Appellant,

v.

J. R. CORNELIUS et al., Appellees.

No. 1082.

Court of Civil Appeals of Texas, Tyler.

Sept. 20, 1979.

Rehearing Denied Oct. 18, 1979.

Ben L. Krage, Dean Carlton, Kasmire, Willingham & Krage, Dallas, for appellant.

Joe W. Lovelace, Lovelace & Thompson, Inc., Linden, James R. Cornelius, Zeleskey, Cornelius, Rogers, Berry & Hallmark, Lufkin, for appellees.

SUMMERS, Chief Justice.

This is an appeal from an order of the trial court granting a summary judgment that Melba Burrell, plaintiff below, take nothing. Melba Burrell, appellant, initiated this suit against J. R. Cornelius, individually and d/b/a Cornelius & Cornelius, and d/b/a C & H Abstract Company, and C & H Abstract Company, appellees, to recover one half of the proceeds from the sale of what appellant alleges to have been community homestead property. Appellant contends that appellees wrongfully disbursed her share of these funds to her husband, Sidney Burrell, and other persons.

Appellant was married to Sidney Burrell on October 12, 1957. During this marriage, the Burrells acquired a farm in Marion County, Texas, which became their community homestead property. On February 7, 1974, Mr. Burrell signed a contract of sale

to convey the farm to Dr. Clifford Swayze. C & H Abstract Company, a partnership composed of J. R. Cornelius and his son, Bill J. Cornelius, was employed to issue a title policy and to conduct the closing which included receipt and disbursement of the purchase money. The closing took place on April 4, 1974, in the offices of C & H Abstract Company. Dr. Swayze delivered a check for the purchase price in the amount of $184,375.00, and Mr. and Mrs. Burrell signed and delivered a warranty deed. The check for the purchase price was deposited by Mr. J. R. Cornelius, appellee, in the Cornelius & Cornelius trust account at the First National Bank of Jefferson.

A closing statement which listed the disbursements to be made by C & H Abstract Company had been prepared by Carolyn Cornelius, manager of C & H Abstract Company. Upon presentation of the closing statement, appellant questioned a number of the debts listed therein and allegedly instructed Carolyn Cornelius not to make any disbursements without her presence. Appellant also contends that she instructed Carolyn Cornelius not to give Mr. Burrell a check payable to him for the balance. However, the disbursements were completed by C & H Abstract Company by April 8, 1974, as follows:

| 1. | 4/5/74 | Atlanta National Bank | $15,381.08 |
|----|--------|----------------------|-----------|
| 2. | 4/5/74 | First National Bank | 11,926.50 |
| 3. | 4/5/74 | Farmers Home Admin. | 32,206.65 |
| 4. | 4/5/74 | Farmers Home Admin. | 21,783.41 |
| 5. | 4/4/74 | D. Reynolds Real Estate | 5,550.00 |
| 6. | 4/8/74 | Jefferson I. S. D. | 503.07 |
| 7. | 4/8/74 | County Tax Assessor | 32.82 |
| 8. | 4/8/74 | Cornelius & Cornelius | 615.00 |
| 9. | 4/8/74 | Sidney M. Burrell | 96,208.57 |

Appellant directs no complaint towards disbursements Nos. 4 through 8, No. 4 representing the balance due on the mortgage, No. 5 for the real estate broker's commission, No. 6 and No. 7 for taxes owed on the property, and No. 8 was Mr. J. R. Cornelius' fee. Mr. Burrell testified, in his deposition, that disbursements Nos. 1 through 3 were necessary to pay off loans against real and personal property which was part of the sale to Dr. Swayze. The balance, $96,-208.57, was paid to Mr. Burrell contrary to appellant's instructions. When the check,

made solely to Mr. Burrell, was delivered, Mr. Cornelius required Mr. Burrell to execute a document in which he promised that appellant would receive her share. Upon receipt of the net proceeds, Mr. Burrell paid off a number of debts, including a loan on a car driven by Mrs. Burrell and possibly a loan on a pickup truck. The balance was used by Mr. Burrell to purchase a Certificate of Deposit at Security Savings Association in Texarkana in the amount of $84,-637.54.

On April 9, 1974, Mr. Burrell filed suit for divorce against appellant. The record reflects that appellant filed an answer and a counterclaim. Appellant's counterclaim specifically alleges, in part, that:

"Cross-petitioner and cross-respondent owned substantial property. Cross-respondent has fraudulently concealed community property and dissipated the assets of the community, in that the cross-respondent has fraudulently obtained the proceeds from sale of the community homestead and is hiding and secreting same from the cross-petitioner."

During the course of the divorce litigation, Mr. Burrell filed an inventory and appraisement of all community property in his possession. In addition to other valuable property, such inventory included the Certificate of Deposit at Security Savings Association in the amount of $84,637.54. The divorce action between the Burrells resulted in a decree of divorce entered on June 11, 1975. The decree of divorce included an equitable division of the parties' community property; neither party appealed, and the judgment became final.

Subsequent to the rendition of the divorce judgment, Melba Burrell, appellant, initiated the case presently before us. Appellant alleged that

"On April 8, 1974, unbeknownst to plaintiff, defendants distributed all of the $184,375.00 to others without plaintiff's approval and contrary to plaintiff's express instructions. Defendants knew or should have known that plaintiff's husband did not have sole management and control of plaintiff's community home-

stead nor the proceeds of the sale thereof. Plaintiff received from defendants no portion of the escrow proceeds from the sale of her homestead."

Appellant alleged that such acts by appellees, contrary to her express instructions, constituted a breach of their fiduciary duty to appellant and perpetrated a fraud upon appellant. Appellant sought to recover actual damages in the amount of $92,187.50 and punitive damages in the amount of $275,562.50.

From the trial court's order granting summary judgment that appellant take nothing, appellant has perfected this appeal predicated upon three points of error. Point of error No. 1 argues that the trial court erred in granting appellees' summary judgment because genuine issues of material fact exist regarding the amount of damages. Appellant contends that the evidence failed to conclusively establish that the disbursements made by appellees were to pay the joint debts of appellant and Mr. Burrell and that the property division in the divorce decree is not evidence that appellant suffered no damages in this case. Appellant's second point of error asserts that the trial court erred in granting appellees' summary judgment because appellees were not entitled to judgment as a matter of law. The undisputed evidence, concludes appellant, establishes appellees' liability to appellant on at least two claims, breach of fiduciary duty and liability based upon constructive fraud. Appellant contends that the decree of divorce between appellant and Mr. Burrell may not be relied upon by appellees as satisfaction of their responsibilities to appellant. Finally, point of error No. 3 asserts that the trial court erred in granting appellees' summary judgment because the doctrine of res judicata does not bar appellant's action.

We shall first address point of error No. 2 because we believe it to be dispositive of the case. Appellant argues that the decree of divorce between appellant and Mr. Burrell may not be relied upon by appellees as satisfaction of their responsibilities to appellant. Appellant takes the position that the community property division is simply irrelevant. Appellees respond by pointing out that the issue of the alleged fraudulent misappropriation of the proceeds of the sale in question was raised by appellant in the divorce suit. As a result, conclude appellees, the damages suffered by appellant, if any, were made whole by the community property division in the divorce action. We agree.

 We shall assume, without deciding, that appellant was injured by misappropriation of the sale proceeds of her community homestead property. It is a well-settled rule that an injured party is entitled to but one satisfaction for the injuries sustained by such party. There being but one injury, there can, in justice, be but one satisfaction for that injury. *T. L. James & Co., Inc. v. Statham*, 558 S.W.2d 865, 868 (Tex.1977); *Bradshaw v. Baylor University*, 84 S.W.2d 703, 705 (Tex.Comm'n App.1935, opinion adopted); *Gattegno v. The Parisian*, 53 S.W.2d 1005, 1008 (Tex.Comm'n App. 1932, holding approved); *Deal v. Madison*, 576 S.W.2d 409, 414 (Tex.Civ.App.—Dallas 1978, no writ history). Appellant does not allege, nor does the evidence show, that the community property estate which was subject to division in the divorce action was insufficient to make appellant whole from any alleged misappropriation of the sale proceeds of the property in question. On the contrary, the record reflects that there was substantial community property present in which to satisfy any loss suffered by appellant. In addition, it is undisputed that none of the proceeds in question were retained by appellees for their benefit. We must conclude that the trial court correctly entered a summary judgment that appellant take nothing, because appellees were entitled to judgment as a matter of law.

We have considered appellant's points of error and find them to be without merit. The judgment of the trial court is affirmed.