Alma Katherine PERKINS, Appellant,

v.

Roy R. BARRERA, Appellee.

No. 1357.

Court of Civil Appeals of Texas, Tyler.

July 10, 1980.

Rehearing Denied Oct. 16, 1980, with Written Opinion.

Second Rehearing Overruled Nov. 6, 1980.

Michael W. Bahan, Arch B. Haston, San Antonio, for appellant.

Melvin A. Krenek, Beckmann, Stanard & Olson, San Antonio, for appellee.

**4**

SUMMERS, Chief Justice.

This is a legal malpractice case. The appeal is from an order of the trial court granting a summary judgment that Alma Katherine Perkins, plaintiff below, take nothing.

Mrs. Perkins (appellant) instituted this suit against Roy R. Barrera (appellee), her former attorney in a 1967 divorce action, to recover one half of the military retirement benefits, both U.S. Air Force and Veterans Administration, received by her former husband Willis H. Perkins from the date of their divorce on July 28, 1967, until December 31, 1977. Pleading in tort, or alternatively for breach of contract or implied warranty, Mrs. Perkins alleged that Mr. Barrera, as her attorney, failed to inform her of her rights to a share of the military retirement benefits of her then husband, Willis H. Perkins.

Appellee Barrera filed an answer pleading a general denial, and the defenses of waiver and estoppel, limitations, release and satisfaction of the claim in bar; and in the alternative, alleging specifically that he had advised Mrs. Perkins of her rights concerning her husband's retirement benefits before and at the time of the 1967 divorce and that she instructed him not to sue for nor seek any portion of said retirement benefits for her. Mr. Barrera also filed a third–party action against Willis H. Perkins seeking indemnity.

The trial court rendered a judgment on March 13, 1979, granting Mr. Barrera's first amended motion for summary judgment that Mrs. Perkins recover nothing, and also granting the motion for summary judgment of third–party defendant Willis H. Perkins that Mr. Barrera recover nothing against him. Appellant Mrs. Perkins has perfected her appeal, appealing only that portion of the judgment rendering summary judgment against her. Mr. Barrera filed a motion with the trial court to deny limitation of appeal and received a favorable ruling thereon.

We affirm.

The record reveals that Willis H. Perkins entered the United States Air Force for the first time on or about February 10, 1941. He left the service on or about March 24, 1946, and rejoined on or about July 17, 1947. He then remained on continuous active duty until the date of his retirement with the rank of Lieutenant Colonel on September 30, 1966. He and Mrs. Perkins were married on November 20, 1942; after their marriage they lived in San Antonio, went overseas together, and returned to San Antonio from Germany in 1963. In 1967 Mrs. Perkins employed Mr. Barrera to represent her in a divorce action against Mr. Perkins. Mr. Barrera filed a suit for divorce on behalf of Mrs. Perkins on March 31, 1967, and on July 28, 1967, Mrs. Perkins and Willis H. Perkins were divorced. The divorce decree awarded custody of three minor children to Mrs. Perkins, provided that Mr. Perkins have visitation rights with the children and pay the total amount of $250.00 per month for their support, and disposed of certain real and personal property. No disposition was made of the military retirement benefits. There was no mention of the military retirement benefits in either the community property settlement agreement of the parties or the divorce decree.

Mrs. Perkins, by affidavit and deposition, stated that during her initial conference with Mr. Barrera for the 1967 divorce action, she told him that her then husband, Willis H. Perkins, was a retired U.S. Air Force Lieutenant Colonel and was receiving about $595.00 per month in retirement benefits; and that Mr. Barrera did not at any time advise her of her rights in regard to such benefits. Mr. Barrera, by deposition, testified that he advised Mrs. Perkins of her rights to Mr. Perkins' military retirement benefits; that he told her "that she was entitled, roughly, subject to the discretion of the court, to fifty percent of the entirety of the community property including the retirement pay," and that she, in turn, stated that she did not want to get into that matter and did not want any of what she referred to as his "retirement pay"; and that sometime after the divorce, when Mrs. Perkins came to him for preparation of her

will, he asked, "What did you ever decide you wanted to do, if anything, on that retirement?" She said, "No. Forget it."

Mrs. Perkins contends that it was not until the fall of 1976 that she realized that she might have some right to Mr. Perkins' retirement benefits. She testified that she had a conversation with her sister at that time and was told that she should be receiving half of her ex–husband's retirement pay.

Shortly thereafter, Mrs. Perkins contacted a lawyer and subsequently on June 22, 1977, she filed suit against her former husband, Willis H. Perkins, to partition one–half of the community interest in both the past and future military retirement benefits of Mr. Perkins. The partition suit was settled in accordance with a compromise and settlement agreement, and judgment rendered pursuant thereto, which provided that from and after January 1, 1978, the gross military retirement benefits of Willis H. Perkins from the U.S. Air Force be divided in the proportion of 37.5% to Alma Katherine Perkins and 62.5% to Willis H. Perkins, and that the said Willis H. Perkins be "released and discharged from any and all other claims and contentions urged in this cause." The compromise and settlement agreement did not mention a release of Mr. Barrera.

Mrs. Perkins predicates her appeal upon five points of error asserting that the trial court erred in granting Mr. Barrera's amended motion for summary judgment because (1) a material fact issue existed as to whether Mr. Barrera fraudulently concealed from Mrs. Perkins knowledge of facts which would have put her on notice that she had a cause of action against Mr. Barrera and such fraudulent concealment tolled the running of any applicable statute of limitations; (2) a material fact existed as to whether Mrs. Perkins in the exercise of reasonable diligence, knew or should have known that she had a cause of action against Mr. Barrera; (3) the court failed to apply the test of the so–called "discovery rule" as to the issue of whether the applicable statute of limitations had been tolled

and a material fact issue existed as to whether Mrs. Perkins exercised due diligence in discovering her cause of action; (4) the release relied upon by Mr. Barrera was a release from Mrs. Perkins to her first husband and in no way released Mr. Barrera from any cause of action she had against him; and (5) the judgment in a prior adjudication of a partition suit between Mrs. Perkins and her ex–husband, Willis H. Perkins, did not constitute a bar to Mrs. Perkins' suit against Mr. Barrera.

We shall first address point of error No. 5 because we believe it to be dispositive of the case. Appellant contends that the prior judgment in the partition suit by Alma Katherine Perkins against Willis H. Perkins is not in any way a bar to this suit by Alma Katherine Perkins against Roy R. Barrera; that in the partition suit Mrs. Perkins acquired an interest in the retirement benefits paid from and after January 1, 1978, but not for the period from the date of divorce (July 28, 1967) until December 31, 1977, the period involved in the case at bar. Appellee Barrera responds that in 1977, when Mrs. Perkins sued her former husband in the partition suit, she still had full rights and a cause of action for her share of the community interest in Mr. Perkins' military retirement benefits, both past and in the future; that it was Mr. Perkins—not Mr. Barrera—who was indebted to her for her share of the retirement benefits collected by him since their divorce in 1967; that the compromise and settlement agreement in the partition suit was a complete and full satisfaction of Mrs. Perkins' cause of action for her rights in Mr. Perkins' military retirement benefits (both U.S. Air Force and Veterans Administration); and that such complete and full satisfaction bars a second suit for satisfaction of the same retirement benefits.

■ It is well settled that where, as here, a divorce decree fails to provide for a division of the community property interest in military retirement benefits, the husband and wife become tenants in common or joint owners of such benefits with the right of partition. *Busby v. Busby*, 457 S.W.2d

551, 554–55 (Tex.1970); *Shaw v. Corcoran*, 570 S.W.2d 96, 98 (Tex.Civ.App.–Austin 1978, no writ).

In the 1977 partition suit against Mr. Perkins, Mrs. Perkins raised the issue of her entitlement to a recovery of one half of the community interest in Mr. Perkins' military retirement benefits (U.S. Air Force and Veterans Administration), both past and in the future, and the compromise and settlement agreement therein dated December 30, 1977, stated that its purpose was "to effect a full compromise and settlement of this lawsuit" and further provided:

"7. Plaintiff hereby releases and discharges for herself, her legal representatives, successors, and assigns, Defendant, his legal representatives, successors, and assigns, from any and all claims, demands, damages, actions, cause of action, or suits at law or in equity, of any kind or nature, in any manner *pertaining to the total retirement benefits*, both those categorized as retirement, and those categorized as disability benefits, *paid to Defendant, WILLIS H. PERKINS by the United States Air Force, or the Veteran's Administration, from the date of the divorce of the parties hereto up to and including the date of this Agreement*, and similarly releases Defendant from any future claim by Plaintiff on that portion of Defendant's retirement benefits categorized as disability payments, subject to the limitation in Paragraph No. 3 [Footnote [1]] hereof." (Emphasis added.)

In the instant case, Mrs. Perkins sued to recover the same military retirement benefits (whether paid by the U.S. Air Force or Veterans Administration) as in the partition suit except the recovery sought in the case at bar was limited to the period from the date of the Perkins' divorce on July 28, 1967, until December 31, 1977; there are no allegations or prayer herein by Mrs. Perkins for any other consequential damage. Mrs. Perkins had a vested right to one half of the community interest in Mr. Perkins' retirement benefits (U.S. Air Force and Veterans Administration) at the time of their divorce in 1967. She still had that right at the time of the partition suit against her former husband in 1977. With full knowledge that she had that right and that it was Mr. Perkins–not Mr. Barrera–who was indebted to her for such military retirement benefits, she settled with Mr. Perkins and released her claim for the same benefits she is now seeking to recover from Mr. Barrera. The damages suffered by appellant, if any, were made whole by the community property division of the military retirement benefits (both U.S. Air Force and Veterans Administration) in the partition action. Mrs. Perkins testified:

"Q. If your husband owed you half of his retirement benefits, what difference does it make whether he knew or anybody knew or anybody told you? Why, when you filed suit against your husband, why didn't you go ahead and recover half of his retirement benefits which you are entitled to?

"A. I will leave that answer up to the lawyer. I don't know.

"Q. You are telling me that you knew, at the time of your suit against your husband, talking about in 1977, you knew that you were entitled to half of all his retirement benefits; is that correct?

"A. Yes.

"Q. You knew he owed it to you at that time, for the past 10 years, since the divorce, and on into the future; is that correct?

"A. Yes.

\*    \*    \*    \*    \*    \*

"Q. Well, Mr. Perkins still owed it to you in 1977; just like he did in 1967, though; didn't he, when you filed the suit against him for the retirement benefits? He still owed you one–half of everything, just like he did in 1967; isn't that correct?

---

[1]. Paragraph 3 reads as follows:

"3. Plaintiff is not to receive any portion of those benefits classified as disability benefits; provided, however, that it is agreed that WILLIS H. PERKINS now receives what is designated as a 'twenty per–cent (20%) Veteran's Administration Disability', and that such percentage designation shall never be retirement pay against which Plaintiff's interest is applied."

"A. I would imagine so.

* * * * * *

"Q. Why do you feel, if your husband paid you all the benefits, supposing he paid you those benefits on December 30, 1977, would it make any difference what Mr. Barrera had told you?

"A. Yes.

"Q. Why?

"A. Because I would feel that Mr. Barrera had not been truthful with me.

"Q. If you had the money in your hand, would that make a difference to you?

"A. No, sir.

"Q. All right. So, if your husband had paid you on December 30, 1977, the $50,000.00, being one-half of the $100,000.00 he had received, it wouldn't make any difference whether Mr. Barrera told you that you were entitled to them or not entitled to them; would it, if your husband actually paid them to you?

"A. I would still have ill feelings toward Mr. Barrera.

"Q. All right. So you would have sued him on the basis of ill feeling?

"A. I will leave that question up to the lawyers.

* * * * * *

"Q. Well, you knew that you were releasing your husband from everything except whatever the monthly payment was? You knew that, didn't you? Releasing everything else, as to him?

"A. Yes.

"Q. All right. And that was satisfactory to you?

"A. Yes . . . ."

[redacted] It is a well-settled rule that an injured party is entitled to but one satisfaction for the injuries sustained by such party. There being but one injury, there can, in justice, be but one satisfaction for that injury. *T. L. James & Co., Inc. v. Statham*, 558 S.W.2d 865, 868 (Tex. 1977); *McMillen v. Klingensmith*, 467 S.W.2d 193, 196 (Tex. 1971); *Bradshaw v. Baylor University*, 126 Tex. 99, 84 S.W.2d 703, 705 (Tex.Com.App. 1935, opinion adopted); *Gattegno v. The Parisian*, 53 S.W.2d 1005, 1008 (Tex.Com. App. 1932, holding approved); *Burrell v. Cornelius*, 588 S.W.2d 403, 405 (Tex.Civ. App.–Tyler 1979, writ ref'd n. r. e.). Appellant does not allege, nor does the evidence show, that the community interest in the military retirement benefits (both U.S. Air Force and Veterans Administration) which was subject to division in the partition suit was insufficient to make appellant whole from any alleged failure of Mr. Barrera, as her attorney, to inform her of her rights to a share of such benefits.

We must conclude that the trial court correctly entered a summary judgment that appellant Mrs. Perkins take nothing, because appellee was entitled to judgment as a matter of law. Appellant's point of error No. 5 is overruled.

In light of our disposition of appellant's 5th point of error, we need not address the remaining points.

The judgment of the trial court is affirmed.

## OPINION ON MOTION FOR REHEARING

[redacted] Appellant Mrs. Perkins, in her motion for rehearing, among other assignments, insists that the trial court erred in granting Mr. Barrera's motion for summary judgment because a material fact issue existed as to whether Mr. Barrera failed to inform her of her rights to a share of the military retirement benefits of her then husband, Willis H. Perkins. Even if such a fact issue existed, Mrs. Perkins still would not be entitled to recover the benefits sought in the instant case from Mr. Barrera, namely one half of the military retirement benefits received by Mr. Perkins from the date of their divorce on July 28, 1967, until December 31, 1977. She does not seek any consequential damages. The amount of such benefits received by Mr. Perkins during such period was liquidated and from the record before us, it is clear that they were subject to exact determination in the partition action. We hold that even if Mr.

**8**

Barrera failed to advise her of her rights to the retirement benefits such conduct could not, as a matter of law, have caused her to suffer a legal injury. She had a vested right to her share of Mr. Perkins' military retirement benefits at the time of the 1967 divorce and after the divorce continued to hold this vested right as a tenant in common with her former husband at the time of the partition suit in 1977. Thus, at the time she compromised and settled the partition suit with her ex–husband on December 30, 1977, she could have secured a judicial determination of the total amount of the payments received by her former husband in retirement benefits subsequent to the divorce and to the date of such hearing and judgment in her favor for her share of such sum, together with lawful interest thereon from the date each payment was received by him until the date of judgment. *Mooney v. Glasspool*, 602 S.W.2d 364, 366–67 (Tex. Civ.App.–Beaumont 1980, no writ).

Mrs. Perkins' loss, if any in military retirement benefits was not caused by Mr. Barrera but by her own voluntary relinquishment and release of such vested rights when she settled with her former husband in the 1977 partition suit.

The motion for rehearing is overruled.