Opinion filed February 15, 2024



## In The

# Eleventh Court of Appeals

_____

## No. 11-22-00067-CR

_____

## JOHN EVAN LOTT, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 142nd District Court**
**Midland County, Texas**
**Trial Court Cause No. CR55889**

### M E M O R A N D U M   O P I N I O N

Appellant, John Evan Lott, pleaded guilty in 2021 to two counts of aggravated assault with a deadly weapon, a second-degree felony offense.  *See* TEX. PENAL CODE ANN. § 22.02(a)(2), (b) (West Supp. 2023).  In each judgment, the trial court deferred a finding of guilt, placed Appellant on community supervision for a term of ten years, and assessed a fine of $1,000.  The State later filed motions to revoke Appellant's community supervision and proceed with an adjudication of guilt.  The

State initially alleged fifteen violations of the terms and conditions of Appellant's community supervision. The State subsequently filed amended motions that alleged twenty violations of the terms and conditions of his community supervision.

Appellant entered a plea of "not true" to all twenty alleged violations. After a contested hearing, the trial court found nineteen out of the twenty allegations to be true, adjudicated Appellant's guilt, revoked Appellant's deferred adjudication community supervision on both counts, and assessed Appellant's punishment at confinement for a term of twenty years in the Institutional Division of the Texas Department of Criminal Justice on each count with the sentences to be served concurrently.

In his sole issue on appeal, Appellant challenges the revocation of his community supervision and contends that there was insufficient evidence to support a finding of true for six of the twenty allegations.[1] We note at the outset that Appellant's failure to challenge all of the violations found by the trial court to be true is dispositive of his appeal. We affirm.

We review a trial court's decision to revoke community supervision under an abuse-of-discretion standard. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). The State must prove a violation of the terms and conditions of community supervision by a preponderance of the evidence, and proof of any one of the alleged violations is sufficient to uphold the trial court's decision to revoke. *Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012) ("proof of a single violation will support revocation"); *Cardona*, 665 S.W.2d at 493 (burden of proof is by a preponderance of the evidence); *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.]

---

[1]Appellant asserts that he is challenging the affirmative findings on allegation nos. 2, 3, 4, 5, 18, and 19. However, the trial court found "not true" on allegation no. 3. Accordingly, we will not address allegation no. 3 in this opinion.

1980) ("one sufficient ground for revocation will support the court's order to revoke probation"); *Jones v. State*, 472 S.W.3d 322, 324 (Tex. App.—Eastland 2015, pet. ref'd). Accordingly, "to prevail on appeal, the defendant must successfully challenge all of the findings that support the revocation order." *Silber v. State*, 371 S.W.3d 605, 611 (Tex. App.—Houston [1st Dist.] 2012, no pet.). In this regard, if a defendant does not challenge all of the grounds on which his community supervision was revoked, the trial court's judgment revoking his community supervision should be affirmed. *See Baxter v. State*, 936 S.W.2d 469, 472 (Tex. App.—Fort Worth 1996) (per curiam), *pet. dism'd*, 960 S.W.2d 82 (Tex. Crim. App. 1998); *see also Jimenez v. State*, No. 01-06-01101-CR, 2007 WL 3105814, at *1 (Tex. App.—Houston [1st Dist.] Oct. 25, 2007, no pet.) (mem. op., not designated for publication).

Because Appellant has not challenged the sufficiency of the evidence for the other thirteen out of the nineteen alleged violations that the trial court found to be true, we must affirm the judgment revoking community supervision. *Baxter*, 936 S.W.2d at 472; *see Garcia*, 387 S.W.3d at 26; *Moore*, 605 S.W.2d at 926. Moreover, we disagree with Appellant's contention that the State presented insufficient evidence to support the trial court's finding of "true" to allegation nos. 2, 4, 5, 18, and 19.

The trial court abuses its discretion by revoking community supervision if the State failed to meet its burden of proof. *Cardona*, 665 S.W.2d at 493–94; *Scamardo v. State*, 517 S.W.2d 293, 298 (Tex. Crim. App. 1974). "[A]n order revoking probation must be supported by a preponderance of the evidence; in other words, that greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of his probation." *Scamardo*, 517 S.W.2d at 298. The trial court is the sole trier of the facts, the credibility of the witnesses, and the weight given to their testimony. *Naquin v. State*, 607 S.W.2d

3

583, 586 (Tex. Crim. App. [Panel Op.] 1980). An appellate court must view the evidence presented at a revocation hearing in the light most favorable to the trial court's ruling. *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981).

In allegation no. 2, the State alleged that Appellant committed a new offense: a theft of property from Bobbitt Construction. Appellant asserts that there was insufficient evidence to support the affirmative finding as to allegation no. 2 because there was no testimony that Appellant stole "more than 1 grinder, pipe jacks, a speaker, a cooler, a pines set, and a jack stand" from Bobbitt Construction as alleged in the motion to revoke. However, Officer Martin Rodriguez with the Midland County Sheriff's Office testified that he was dispatched to a theft call on August 19, 2021, and spoke with the manager of Bobbitt Construction about a theft that had occurred the night before. Officer Rodriguez reviewed security footage of the theft and received a list of all the items the manager had reported as stolen. Officer Rodriguez recognized the white pickup and Appellant in the video because he had just assisted an officer with Appellant's arrest for theft of a trailer and illegal dumping. While Officer Rodriguez did not list every single item listed in the motion to adjudicate during his testimony, Officer Rodriguez confirmed that the manager provided a list of all the stolen items, named "a few" of the items, confirmed that several other items were taken, and confirmed that the total value of the items stolen was $2,630.

When the State alleges that a probationer violated the law, "it is not necessary that such an allegation be in the same precise terms as would be necessary in an indictment allegation." *Bradley v. State*, 608 S.W.2d 652, 655 (Tex. Crim. App. 1980). It is sufficient if there is an alleged violation and the probationer had fair notice. *Id.* Here, there was sufficient evidence that support the State's allegation that Appellant committed theft from Bobbitt Construction.

4

In allegation no. 4, the State alleged that Appellant failed to perform the requisite number of community service hours. Appellant asserts that there was insufficient evidence to support the affirmative finding as to allegation no. 4 because there was "no testimony" regarding whether Appellant had been assigned to complete a specific community service project at a specific time or place. But Officer Jessica Silva with the Midland County Community Supervision and Corrections Department testified that Appellant was sixty hours delinquent on his community supervision hours. Further, Appellant conceded that, while he mistakenly believed he only needed to complete his community service hours before the end of his community supervision, he "wasn't aware that [he] ha[d] to do ten hours a month" and that the failure to do so was "[his] bad."

In allegation no. 5, the State alleged that Appellant failed to attend and successfully complete a required anger management course. Appellant contends that the evidence was insufficient to support the affirmative finding on allegation no. 5 because the terms and conditions of his community supervision did not specify a number of hours or classes Appellant needed to complete in order to fulfill his anger management requirement, nor did they provide a deadline to complete the classes. However, Officer Silva confirmed that Appellant was required to complete an anger management course as a condition of his probation and that the community Supervision and Corrections Department had not received proof that Appellant had done so. Further, Appellant testified that he "had an opportunity" to complete an anger management program, but that he had chosen not to complete it at the time due to his possible relocation to Mississippi to take care of his parents' health issues.

In allegation no. 18, the State alleged that Appellant committed the offense of possession of marihuana within 1,000 feet of a playground. Appellant asserts that there was insufficient evidence to support the affirmative finding on allegation no. 18 because there was "no testimony as to the location of the apartment and its

5

proximity to a playground" and that "[a] conclusory statement that a place is a drug-free zone is not enough to establish the allegation." Appellant's assertion that there was no testimony regarding the apartment's proximity to a playground is incorrect. Officer Linvel Mosby with the City of Midland Police Department and the Federal Bureau of Investigation testified that the apartment complex where Appellant lived and where he was apprehended was in a drug-free zone because Hogan Park, a venue with "ballparks,"[2] was within "approximately 450 feet from [the apartments.]" This was sufficient evidence to support the State's allegation that Appellant committed the offense of possession of marihuana in a drug-free zone. *See Bradley*, 608 S.W.2d at 655.

In allegation no. 19, the State alleged that Appellant committed an offense by damaging and destroying a gray Dodge Charger and White GMC 1500 owned by the City of Midland. Appellant contends that there was insufficient evidence to support the affirmative finding on allegation no. 19 because there was no testimony that a Gray Dodge Charger and/or a White GMC 1500 were damaged; there was no testimony that the vehicles were owned by the City of Midland; and there was no "specific testimony" that the damage to the vehicles was between $2,000 and $30,000 as alleged. This assertion is also incorrect. Officer Mosby testified that, during Appellant's attempt to evade arrest in his vehicle, he "proceeded to ram the Dodge Charger that was directly west of his vehicle, as well as the GMC truck that was to the south of his vehicle." Officer Mosby confirmed that both of these vehicles were police vehicles. Officer Mosby also testified that the current estimates of damage done to the vehicles was at least over $2,500.

---

[2]Section 481.134 of the Texas Health and Safety Code defines the term "playground" as "any outdoor facility that is not on the premises of a school and that: (A) is intended for recreation; (B) is open to the public; and (C) contains three or more play stations intended for the recreation of children." TEX. HEALTH & SAFETY CODE ANN. § 481.134(3) (West Supp. 2023).

Viewing the evidence presented at the revocation hearing in the light most favorable to the trial court's ruling, we conclude that the affirmative findings that Appellant committed the disputed allegations is supported by a preponderance of the evidence. *See Rickels*, 202 S.W.3d at 763–64; *Garrett*, 619 S.W.2d at 174. The trial court was able to assess the credibility of the witnesses and to resolve any inconsistencies in their testimony. *See Naquin*, 607 S.W.2d at 586. Moreover, because Appellant has not challenged the sufficiency of the evidence for thirteen out of the nineteen alleged violations that the trial court found to be true, we must affirm the judgment revoking community supervision. *See Baxter*, 936 S.W.2d at 472; *see also Garcia*, 387 S.W.3d at 26; *Moore*, 605 S.W.2d at 926. Accordingly, we overrule Appellant's sole issue on appeal.

*This Court's Ruling*

We affirm the judgments of the trial court.


JOHN M. BAILEY
CHIEF JUSTICE


February 15, 2024

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

7