## WESLEY BRADSHAW V. BAYLOR UNIVERSITY ET AL.

No. 6393. Decided July 17, 1935.
Rehearing overruled October 23, 1935.
(84 S. W., 2d Series, 703.)

*Sewell, Taylor, Morris & Garwood,* and *W. J. Knight,* all of Houston, for plaintiff in error.

It is no defense to a cause of action for personal injuries that the injured party has entered into an illegal contract with respect to the ownership of the proceeds of the cause of action. Gulf, C. & S. F. Ry. Co. v. Miller, 53 S. W., 709; American Ry. Exp. v. Voelkel (Com. App.), 252 S. W., 486; Galveston, H. & S. A. Ry. Co. v. Ginther, 96 Texas, 295, 72 S. W., 166.

*Harvey W. Richey,* and *Nat Harris,* both of Waco, for defendant in error Baylor University; *John B. Atkinson,* of Waco, for defendant in error International & Great Northern Railroad Company, and *Jos. W. Hale,* of Waco, and *E. C. Gaines,* of Austin, for defendant in error Union Automobile Insurance Company of Los Angeles, Cal.

Under the law contribution cannot be had in a case where joint tort-feasors are not jointly sued by the injured party.

San Antonio & A. P. Ry. Co. v. Bowles, 88 Texas, 634, 32 S. W., 880; Fort Worth Light & Power Co. v. Moore, 118 S. W., 831; Citizens Ry. & L. Co. v. Case, 138 S. W., 621; Boyer v. Bolander, 15 Am. St., 723; Cooley on Torts, p. 55, 261-264.

MR. JUDGE HICKMAN delivered the opinion of the Commission of Appeals, Section A.

A very full statement of the case is made by the Court of Civil Appeals through Chief Justice McClendon. 52 S. W. (2d) 1094. An abridged statement will serve the purposes of this opinion.

Wesley Bradshaw sustained personal injuries in a collision between a motor bus in which he was riding and a train operated by the International & Great Northern Railroad Company. The bus was owned and operated by Baylor University and was being used on the occasion of the accident to transport the Baylor basket ball team from Waco to Austin for a game with the University of Texas team. Bradshaw was accompanying the party as a guest of the Baylor coach. Prior to the institution of the present suit a contract in writing was entered into between Bradshaw and the railroad company, which may be epitomized as follows:

In consideration of $6,500.00 cash in hand paid to him by the railroad company Bradshaw covenanted and agreed that he would not at any time in the future sue or permit the railroad company to be sued on account of his injuries, and would protect, hold harmless and indemnify it against any action brought for him by any other person. For the same consideration he assigned to the railroad company his cause of action, if any he had, against Baylor University and authorized it to prosecute a suit thereon in his name, but at its own expense. There was reserved to Bradshaw an interest in the cause of action "and in the result of any suit or suits brought thereupon to the extent of an amount not to exceed $100.00." With the question of whether the attempted reservation was void for indefiniteness and the allied question of what interest, if any, was reserved to Bradshaw, we are not concerned, for each is unimportant under our view of the controlling question.

After the contract was executed and the consideration therefor, $6,500.00, paid, this suit was instituted in the name of Bradshaw against Baylor University as the sole defendant for damages on account of the injuries received by him as a result of the collision. Quoting from the opinion of the Court of Civil Appeals:

"Baylor impleaded the railroad, setting up the Bradshaw-Railroad agreement as a settlement; alleged that the assignment feature of the agreement was void because Baylor and the railroad were joint tort-feasors, that Bradshaw had no substantial interest in the suit, and could recover in no event in excess of $100. Baylor also asserted, in case judgment went against it, that it was entitled to indemnity against the railroad, and in the alternative to contribution, * * *.

"The railroad, in defense of the cross-action of Baylor against it, set up the same acts of negligence alleged in the Bradshaw petition (1) as the sole and (2) as the active proximate cause of the collision, and, in the alternative, if Baylor be held to have the right of contribution against it, 'that the amount to be paid by said defendant be apportioned as to what amount should be paid by each of them respectively.'

"The trial was to a jury upon special issues, resulting in the following findings:

"1. That Baylor was guilty of negligence which was a proximate cause of the collision in each of the following particulars:

"(a) The bus driver was driving the bus within the corporate limits of Round Rock at a speed in excess of 20 miles per hour as the bus approached the crossing where the collision occurred.

"(b) The bus driver failed to turn the bus to the left so as to avoid the collision after discovering the approach of the train.

"(c) The bus driver failed to bring the bus to a complete stop before driving upon the track.

"(d) The bus driver attempted to beat the train over the crossing by accelerating the speed of the bus after discovering the approach of the train.

"2. That the agents, servants, and employees of the railroad were guilty of negligence which was a proximate cause, but not the sole proximate cause, of the collision, in that they operated the 'train at the time of the collision at a high and dangerous rate of speed.'

"3. That $6,500, 'if paid presently, would compensate Wesley Bradshaw for the injuries received by him upon the occasion in question'."

Upon the verdict of the trial court rendered judgment in favor of Bradshaw against Baylor University for $6,500.00 and in favor of the latter against the railroad company for $3,250.00. That judgment was reversed by the Court of Civil

Appeals and judgment rendered that Brashaw take nothing by his suit against Baylor and the latter take nothing by its suit against the railroad.

With most of the opinion of the Court of Civil Appeals we are in accord, but we do not concur in the holding that the assignment of the cause of action against Baylor University to the railroad company is against public policy and therefore void. Neither do we agree that the entire liability of Baylor University was extinguished thereby. Under the common law the effect of such an assignment might be to enable a tort-feasor to reap a profit from his own dereliction. Manifestly it would be contrary to sound public policy to permit him to do so. But the common law has been modified in this State by statute, Article 2212, the evident purpose of which was to equalize the burden between solvent tort-feasors. Lottman v. Cuilla, 288 S. W., 123. Under a proper application of that statute, as this Court construes it, a tort-feasor could reap no profit from his own dereliction, but might, in a proper proceeding, enforce contribution. To that end, it is conceivable that the taking of an assignment of the cause of action from the injured party might be to the interest of all concerned. We have deemed it advisable thus to indicate our disagreement with the Court of Civil Appeals, although it is recognized that a decision of the case before us does not rest upon the construction of the named article of the statute. A fuller discussion of the question is not required.

Bradshaw alone is the plaintiff in error in this Court. If it be conceded that the railroad company, through him, is the real party in interest, then it is such party only as his assignee. In the trial court no pleading was filed by it in its own name or through Bradshaw seeking contribution from Baylor University. The railroad company appealed to the Court of Civil Appeals in its own name and not in the name of Bradshaw. It has consistently contended that there is no relation between the Bradshaw cause of action and the cross action asserted against it by Baylor. The judgment of the trial court was neither sought nor awarded on the theory that the suit was one by the railroad company in the name of Bradshaw for contribution. The Bradshaw cause of action alone is before us. The case must therefore be determined just as if no assignment had ever been executed and there were no parties before this Court other than Bradshaw and Baylor. The question, thus narrowed down, is, what right has Bradshaw, who has been fully compensated for his injuries, to recover

further damages? The only answer which accords with justice and the authorities is that he has none. The jury found that $6,500.00, if paid at the date of trial, would compensate him for the injuries sustained. He had therefore been paid that exact amount. It is a rule of general acceptation that an injured party is entitled to but one satisfaction for the injuries sustained by him. That rule is in no sense modified by the circumstance that more than one wrongdoer contributed to bring about his injuries. There being but one injury, there can, in justice, be but one satisfaction for that injury. The fact that the money was paid to him in consideration for his covenant not to sue the railroad company and for his partial assignment to that company renders it none the less a payment as compensation for his injuries. Hunt v. Ziegler, 271 S. W., 936 (affirmed 280 S. W., 546); Robertson v. Trammell, 37 Texas Civ. App., 53, 83 S. W., 258 (Writ Ref. 98 Texas, 364, 83 S. W., 1098); El Paso & S. R. Co. v. Darr, 93 S. W., 166 (Writ ef.); St. Louis, I. M. & S. Ry. Co. v. Bass, 140 S. W., 860 (Writ Ref.); Pearce v. Hallum, 30 S. W. (2d) 399 (Writ Ref.); Lovejoy v. Murray, 3 Wall., 1, 18 L. Ed., 129; 36 Texas Jur., p. 823; Id. 826; 53 C. J., pp. 1253-1254, Sec. 76; Id., p. 1259; Id., p. 1264.

Since no action for indemnity or contribution was presented in the trial court, but only Brashaw's cause of action for damages on account of the injuries sustained by him, and since the jury found that the total amount of his damages did not exceed the amount which he had theretofore received from the railroad company, it follows that judgment should have been rendered in the trial court that he take nothing. The judgment of the Court of Civil Appeals is accordingly affirmed.

Opinion adopted by Supreme Court July 17, 1935.
Rehearing overruled October 23, 1935.