**CITY OF COLEMAN v. SMITH et al.**
No. 2336.

Court of Civil Appeals of Texas. Eastland.
Feb. 12, 1943.

Rehearing Denied March 5, 1943.

Dibrell & Snodgrass, of Coleman, for appellant.

Baker & Baker, of Coleman, for appellees.

GRISSOM, Justice.

In this case Elder Smith, the father of Elder Wayne Smith, and Elder Wayne Smith, a minor, suing by his next friend, Joe L. Ward, sought judgment against the City of Coleman for damages sustained by reason of injuries to said minor alleged to have been caused by contact with an electric line owned by the City and used by it in its business of generating and selling electricity. Originally A. J. Wallace, M. E. Ruby and L. R. Bowden were made co-defendants with said City and a joint liability was asserted against all defendants. Wallace, Ruby and Bowden compromised and settled the case with plaintiffs as to said defendants and an agreed judgment was rendered against Wallace, Ruby & Bowden awarding plaintiffs recovery in the aggregate sum of $300 apportioned $100 to Elder Wayne Smith and $200 to Elder Smith. Thereafter the cause proceeded to trial against the City of Coleman as the sole defendant. Upon a jury verdict for $900, judgment was rendered for the minor against the City for $800. The City has appealed. This is a companion case to City of Coleman v. Wilson J. Kenley, 168 S.W.2d 926, this day decided by this court. The compromise settlement and agreed judgment herein is the same as in the Kenley case. In our opinion in the Kenley case the contract and judgment is fully set out and is here referred to. The main contention in the Kenley case, that is, that the effect of the compromise settlement and agreed judgment was to release the City as a matter of law is reasserted in this case. The only difference in the two cases, pertinent to this question, is that in the instant case, which was tried after the Kenley case, the City did plead that by virtue of the compromise settlement and agreed judgment it had been released. We are of the opinion that such pleading does not change the result.

Our construction of the contract and judgment in the Kenley case requires us to overrule the same contention in this case. The failure of the City in the Kenley case to plead release was merely an additional reason for our conclusion in that case that the City had not been released from liability to plaintiff.

Issues involving grounds of recovery based on negligence were found by the jury in favor of plaintiffs, as follows: That defendants' electric line was knocked from its pole by blasts set off by Wallace, Bowden and Ruby. The jury found "that the failure of the defendants (the City's) agents and employees to inspect said electric line between the time it was so knocked from said pole (and the time of the injuries complained of by plaintiffs on the 17th day of August, 1940) was negligence" and a proximate cause of the injuries to Elder Wayne Smith. The jury found that the officers and employees of the City "did not exercise such care and prudence to discover the condition of its electric line on the occasion in question as an ordinary prudent person would have exercised under the same or similar circumstances.

As against the findings of damages ($900 to Elder Wayne Smith and $15 to Elder Smith), the court offset the respective recoveries awarded in said compromise judgment against the damages found against the City. The result was to decrease the award to the minor from $900 to $800 and cancel the award of $15 to Elder Smith. The Court rendered judgment awarding Elder Wayne Smith $800 and decreed that Elder Smith take nothing.

In our opinion, there was no error in the refusal of the court to submit the issue of unavoidable accident. The issue was not pleaded. If the evidence raised the issue such testimony has not been pointed out and we have not observed such testimony. The pleadings of both parties were filed after R. C. P. 94 and 279 became effective.

We overrule appellee's contention that Elder Wayne Smith was entitled to judgment in the sum of $900, or, in other words, that he was entitled to a judgment for the full amount of his damages as found by the jury without offsetting said amount with the $100 paid to him by Wallace, Bowden and Ruby. Bradshaw v. Baylor University, 126 Tex. 99, 84 S.W.2d 703; Hunt v. Ziegler, Tex.Civ.App., 271

S.W. 936; Robertson v. Trammel, 37 Tex.Civ.App. 53, 83 S.W. 258, 265; El Paso & S. R. Co. v. Darr, Tex.Civ.App., 93 S.W. 166, 171; St. Louis, I. M. & S. R. Co. v. Bass, Tex.Civ.App., 140 S.W. 860, 862.

We are of the opinion there was evidence sufficient to support the finding of damages in the sum of $900.

■ Appellant complains of the court's definition of proximate cause which was as follows: "By the term 'Proximate Cause', as used in this charge, is meant a cause which, in natural and continuous sequence, unbroken by any new and independent cause, produces an event, and without which the event would not have occurred; and, to be a proximate cause of an event it should have been reasonably anticipated and foreseen by a person of ordinary prudence in the exercise of ordinary care that the event, or some similar event would have resulted from such cause as a probable and natural consequence." This definition is substantially the same as given in Browning v. Graves, Tex.Civ. App., 152 S.W.2d 515, writ refused, and followed in Texas Cities Gas Company v. Dickens, Tex.Civ.App., 156 S.W.2d 1010, 1015. In our opinion the definition embodied the essential elements.

The evidence was sufficient to support the jury's answer to Special Issue No. 2, to the effect that the failure of defendant's agents and employees to inspect its electric line was negligence.

We have given careful consideration to all of appellant's contentions. They are overruled. We think reversible error is not shown. The judgment is affirmed.

FUNDERBURK, Justice (dissenting).

Appellant's first point is stated thus: "The error of the Court in overruling Appellant's motion for a judgment on the ground that Appellee had received full satisfaction for all damages suffered in his settlement with Appellant's co-defendants, Wallace, Ruby and Bowden." Two judgments were rendered in this case. The first judgment was based upon agreement of all parties. The agreement as recited in the judgment was as follows:

"It is further agreed that judgment shall be entered in term time or in vacation in favor of Elder Smith, individually, for the sum of $200.00 (Two Hundred & No/100 Dollars) and in favor of Elder Wayne Smith, acting herein by and through Joe L. Ward, as his next friend for the sum of $100.00 (One Hundred Dollars) and against the defendants A. J. Wallace, L. R. Bowden and M. E. Ruby, together with one-half of the costs of Court accrued to date which are now unpaid *in full, final and complete* release, discharge and *satisfaction of any and all claims for any matter alleged in plaintiff's petition herein*, and *said sum having been paid* by defendants to plaintiffs, *receipt of which is acknowledged*, the undersigned Elder Smith, Elder Wayne Smith, the mother of Elder Wayne Smith and the next friend of the said Elder Wayne Smith, do hereby release all *actions* and *causes of action for damages*, actual or exemplary, for personal injuries, medical expense, loss of service, loss of earning capacity, or for any other matter, whether mentioned herein or not, arising out of the alleged accident in which Elder Wayne Smith, a minor, was involved on or about August 17, 1940, and as alleged in plaintiff's petition, whether said injuries or damages are known or unknown, and whether or not same have accrued and materialized at this date, or not as against the defendants Wallace, Ruby & Bowden * * * And said plaintiffs do hereby indemnify said defendants Wallace, Ruby & Bowden against any action or recovery against said defendants, Wallace, Ruby & Bowden, for any of the matters mentioned in the pleadings herein, or which could have been mentioned herein. This agreement, however, shall not constitute any release of any cause of action, *if any*, which plaintiffs may have against defendant The City of Coleman, Texas; but the covenant not to sue on the part of all defendants [plaintiffs?] herein shall be applicable to the injuries and damages, if any, sustained by Elder Wayne Smith, and persons claiming by through and under him."

The judgment based upon said agreement (as distinct from the recited terms of the agreement) provides as follows: "It is further ordered, adjudged and decreed by the Court that in Cause No. 6100-B [this suit] plaintiff Elder Smith, individually, and his attorneys recover of and from the defendants, Wallace, Ruby and Bowden, the sum of $200.00, and that plaintiff Elder Wayne Smith, acting by and through his next friend do have and recover of and from defendants Wallace, Ruby & Bowden, the sum of $100.00 and one-half of the costs of court accrued to date, to be paid into the registry of the court; *and said sums having been paid* it is ordered that *no exe-*

*cution issue thereon, and that said payments* are made and received in *full,* final and complete release, discharge and *satisfaction* of all actions and causes of action against defendants A. J. Wallace, M. E. Ruby and L. R. Bowden \* \* \*." (Italics ours).[1]

It is deemed important in the outset to distinguish from others the precise question upon which the difference of opinion as between the majority and minority members of this Court arises and accurately and fully state such question.

We are in agreement upon the proposition that the law in this State as interpreted by the courts permits one claiming a liability against two or more persons, which may be joint or several, to release one or more (less than all) without such release having the legal effect, when not so intended, of releasing the other or others. Robertson v. Trammell, 37 Tex.Civ.App. 53, 83 S.W. 258; El Paso & S. R. Co. v. Darr, Tex. Civ.App., 93 S.W. 166, 167; Baylor University v. Bradshaw, Tex.Civ.App., 52 S.W.2d 1094, 1101; St. Louis, I. M. & S. R. Co. v. Bass, Tex.Civ.App., 140 S.W. 860; Cox v. Rio Grande Valley Telephone Company, Tex.Civ.App., 13 S.W.2d 918; Hunt v. Ziegler, Tex.Civ.App., 271 S.W. 936. (This rule, however, has been evolved by a kind of judicial fudging. It is based upon the idea that such a release, however perfect in form, or purport, as a release, is in reality not a release at all, but a covenant not to sue). For all present purposes, however, the proposition is recognized as established by authoritative decisions.

There is no disagreement upon the proposition that as to a liability, which may be several as well as joint, the claim may be established in separate suits against each of those liable. No one of such several suits is subject to abatement because of the prudency of another and each in the absence of satisfaction may proceed to judgment without reference to any other.

The real question upon which the difference of the opinion here arises may, I think, be accurately stated as follows: In a suit upon a single cause of action against a number of alleged joint tort-feasors, in which suit a judgment is sought establishing the joint liability of all the defendants, may the liability of all the defendants, except one, be established by a preliminary judgment in the case and full payment and satisfaction thereof declared by such judgment, and yet the plaintiffs have the right to proceed to further trial in the same case and have judgment against the other joint tort-feasor, awarding further recovery of damages?

This question involves the consideration of principles or doctrines of accord and satisfaction and res judicata. The basic idea is there can be but one satisfaction of one cause of action, regardless of the number who may be liable to the plaintiff upon that cause of action. In Bradshaw v. Baylor University, 126 Tex. 99, 84 S.W.2d 703, 705, Judge Hickman for the Supreme Court said: "It is a rule of general acceptation that an injured party is entitled to but one satisfaction for the injuries sustained by him. That rule is in no sense modified by the circumstance that more than one wrongdoer contributed to bring about his injuries. There being but one injury, there can, in justice, be but one satisfaction for that injury."

The preliminary judgment was not interlocutory. As to the parties and subject matter, it was a final adjudication. "The doctrine of res adjudicata", says Corpus Juris, "while technically applying only to decisions in another suit, has, by analogy, been applied with like effect, to decisions in a former stage of the same suit." 34 C.J. 752, § 1162; Detroit v. Village of Highland Park, 186 Mich. 166, 152 N.W. 1002, Ann. Cas.1917E, 297. The authority above quoted further says: "In an action against

---

[1] Although anticipating just a bit, I think it well to call attention here to the fact that the preliminary judgment as distinguished from the agreement recited in the judgment as the basis thereof contains no declaration purporting to limit its effect in such way as to permit plaintiffs to proceed to further judgment establishing the liability, if any, of the City of Coleman. It is to be observed that in most other respects the judgment expressly affirmed by reiteration the provisions of the agreement. There was possibly a reason for this omission. The omission would accord with the view that the court considered, at that particular time, that the adjudicated *satisfaction* of the one and only cause of action against any or all of the defendants would render immaterial, or functus officii, the provision of the agreement that it would not "constitute any release of any cause of action, if any, which plaintiffs may have against defendant City of Coleman."

one joint and several obligor, a successful defense, not personal to defendant, but going to the merits of the cause of action bars a subsequent action against another obligor who was not a party to the former suit. This rule has been based on the ground that a judgment against defendant in the second action *and payment thereof* would entitle him to contribution from the other obligor and thereby deprive him of the benefit of the former judgment in his favor." 34 C.J. p. 980, § 1400. (Italics ours). Is that principle applicable in this case? Why not? In this State the right of contribution between joint tort-feasors, except where one has the right to recover against another the full amount of the judgment when paid, is provided for by statute. R.S. 1925, Art. 2212. Hence, the reason which supports the above rule, under operation of said statute, applies in this State in tort-actions the same as in actions to establish a joint or several liability upon contracts. As applicable to this case and directly bearing upon the questions under consideration, a good statement of the law by a most eminent authority—Corpus Juris Secundum—is as follows: "On the principle that there can be but a single satisfaction for an injury or wrong, a satisfaction made by one of two or more claimed joint tort-feasors for the wrong done by them discharges the other or others, and operates as a complete accord and satisfaction, even though the parties to the satisfaction did not intend to discharge the other joint tort-feasors, or agreed that it should be operative only as to the one making it." 1 C.J.S., Accord and Satisfaction, p. 483, § 13.

Suppose instead of the one suit, two had been brought—one against the City of Coleman and the other against Wallace, Ruby and Bowden, and while the former was pending, the latter was tried, and absent any agreement, the same judgment rendered as the agreed judgment in this case. Could plaintiffs have accepted payment of the full amount of the judgment, yet remain entitled to judgment in the other suit against said City? If so, then the proposition is not true that there can be but one satisfaction for one wrong. What is the essential difference, if any, between the above supposed procedure and that disclosed by this record? Is the fact material that in the latter the judgment is based upon agreement, while in the former it was not? The principles of res judicata and of accord and satisfaction interpose to render immaterial any such difference. The judgment cannot be contradicted by the parties thereto or their privies. According to the judgment, the award of $200 to Elder Smith and $100 to Elder Wayne Smith was not for *a part only* of the damages suffered, or in only part satisfaction of the only cause of action involved; but for all the damages and full satisfaction of such cause of action. As a matter of law, the cause of action against Wallace, Ruby and Bowden was the same cause of action against the City of Coleman. There was but a single injury which was an essential element of any cause of action against any of the defendants. Therefore, satisfaction of the judgment which established the total liability of Wallace, Ruby and Bowden, and which was recovered upon the only cause of action existing against them and the City of Coleman was a satisfaction of the cause of action against the City of Coleman and that, whether so intended or not. In the absence of ambiguity, the intention expressed by the judgment controls rather than the intention, if any, which the judgment fails to express but may have been intended to express.

If the preliminary judgment did not express the true intention of the court, or, in other words, was in error in adjudging full payment of the judgment and full satisfaction of the cause of action, the proper procedure was to take steps to avoid the effect of the judgment. As the judgment stands unchallenged, it is upon its face not only an adjudication of liability, which is not material to the question under consideration; but it is just as certainly an adjudication of the payment and satisfaction of the liability, which is material. It may be conceded that if the judgment established only a part of the total liability, or even if it did establish the total liability, but decreed satisfaction of but a part thereof, the question at issue would be entirely eliminated.

The provision of the agreement, which may be assumed, is the only basis for the contention of appellees, and which the majority opinion adopts, is this: "This agreement, however, shall not constitute any release of any cause of action, if any, which plaintiffs may have against defendant City of Coleman." That provision was a perfectly proper one, and effective, as to any cause of action different from the one against Wallace, Ruby and Bowden. If counsel for all parties were of the opinion that the causes of action were not the same, that would account for this particular part

of the agreement. If so, that was a mistake of law as to the legal effect of the agreement or judgment to be rendered which, it seems to me, cannot be permitted to vary the legal effect of the judgment without doing violence to the well established rules of law. Whether material or not, there are, however, facts which suggest that counsel for the City understood the legal effect of the judgment as I do. Why did the City, in order to effect the agreement and enable the judgment to be rendered gratuitously release its contingent cause of action for recovery against Wallace, Ruby and Bowden, who, under the record, were undoubtedly the active tortfeasors, the recognition of which is clearly implied in the terms of the agreement as aforesaid. Such action would be hard to explain, except upon the theory that counsel for the City evidently entertained a different view of the law from counsel for plaintiffs, and were of the opinion that the decreed satisfaction of the cause of action by the judgment had the legal effect of absolving said City from liability.

It follows, of course, that in my opinion the judgment should be reversed and judgment rendered that plaintiffs take nothing.