**Walter THIBODEAUX, Plaintiff-Appellee,**

**v.**

**FIBREBOARD CORPORATION, et al., Defendants,**

**Pittsburgh Corning Corp., Defendant-Appellant.**

**No. 82–2301.**

United States Court of Appeals, Fifth Circuit.

June 10, 1983.

Rehearing Denied Aug. 30, 1983.

Gordon R. Pate, Beaumont, Tex., for defendant-appellant.

Marlin Thompson, Orange, Tex., for plaintiff-appellee.

Before GEE, REAVLEY and HIGGINBOTHAM, Circuit Judges.

---

GEE, Circuit Judge:

This appeal from a damages award in a Texas diversity case requires a novel application of the "one satisfaction" rule.

 Under Texas law, an injured plaintiff is entitled to only one satisfaction for the full amount of his damages, hence a non-settling defendant may elect to subtract the amount paid by others in settlement of common damages from any judgment award against him. *Howard v. General Cable Corp.,* 674 F.2d 351 (5th Cir. 1982); *Bradshaw v. Baylor University,* 84 S.W.2d 703 (Tex.1935). It is likewise Texas law, adopted in order to promote settlements and their finality without depriving non-settling defendants of their rights to contribution, that a plaintiff may not recover from a non-settling joint tortfeasor more than that party's proportionate share of common damages. *Palestine Contractors, Inc. v. Perkins,* 386 S.W.2d 764 (Tex.1964). We must decide which of these principles controls on the facts of this unusual case—one in which the plaintiff outsettled himself.

The facts are undisputed. Mr. Thibodeaux sued fourteen manufacturers of asbestos products, alleging that they were strictly and jointly liable for his injuries caused by exposure to their products. Thirteen settled before trial for amounts aggregating over $200,000. Appellant Pittsburgh-Corning Corporation went to trial alone. The jury awarded total damages of $150,000 for Mr. Thibodeaux's injuries. Finding that all fourteen original defendants were joint tortfeasors, the trial court applied the *Palestine Contractors* principle, giving judgment against Pittsburgh-Corning for one-fourteenth of the $150,000 verdict, in addition to the sums already received by Thibodeaux.

As we have noted above, these sums already exceeded the figure determined by the jury to represent the full amount of his damages. Pittsburgh-Corning appeals, asserting that the trial court's judgment violates the Texas one satisfaction rule. That it does so is patent; the question is which rule is to control on the facts presented, that of *Bradshaw* or that of *Palestine Contractors.*

Pittsburgh Corning's argument is that *Bradshaw* and *Palestine Contractors* should be applied together. In its view, the non-settling tortfeasor is *potentially* liable for its proportionate share of the jury award under *Palestine Contractors,* subject to the *Bradshaw* rule that in no event may plaintiff recover more than one satisfaction. Plaintiff contends that *Bradshaw* and *Palestine Contractors* are mutually exclusive; the proportionate reduction rule applies when the settling defendants have been found to be joint tortfeasors and the credit rule applies only when no such finding has been made. We think Pittsburgh Corning has the better of the arguments.

It is true that some cases appear to treat the proportionate reduction rule and the credit rule as mutually exclusive, *e.g. Gill v. United States,* 429 F.2d 1072 (5th Cir.1970), and that nearly all cases applying the credit rule have done so where the settling defendants had not been found to be tortfeasors. *But see Gattegno* and *Bradshaw, infra.* However in both types of case the nonsettling defendant was seeking a proportionate reduction because the judgment amount was greater than the settlements received by the plaintiff. Under the Texas contribution statute, Tex.Rev.Civ.Stat.Ann. art. 2212 (Vernon 1971), a proportionate reduction is not available unless the settling defendants are adjudged tortfeasors. Nevertheless, even when proportionate reduction was unavailable for this reason, the Texas cases have allowed a credit for settlements under the *Bradshaw* principle that the plaintiff recover only once, *e.g., Brunstetter v. Southern,* 619 S.W.2d 557 (Tex. Civ.App.—San Antonio 1981, writ ref'd n.r. e.). These cases do not suggest that where proportionate reduction is available, the *Bradshaw* principle does *not* apply. Indeed, it seems logical to conclude that if defendants may credit settlements made by those *not* adjudged tortfeasors, then all the more they should receive credit for settlements by tortfeasors. Such authority as there is on the point supports that conclusion.

In *Palestine Contractors,* the Texas Supreme Court expressly followed a dictum in *Gattegno v. The Parisian,* 53 S.W.2d 1005, 1008 (Tex.Com.App.1932, holding approved), that recognized proportionate reduction:

> Therefore, if it be found that Gattegno and Muir are both active tort-feasors as between each other, the release having discharged Muir as to all liability to The Parisian, has at least discharged one-half its damages.

The *Gattegno* court went on to address, again in dicta, the issue in the present case:

> If it be found that Muir was merely passively guilty of the tort complained of, the release has discharged The Parisian's damages to the extent of the value of the consideration paid therefor. This is true because The Parisian is not entitled to a double recovery for the same wrong. If the value of the consideration for the release is more than one-half the damages suffered by The Parisian, it can in no event have a double recovery, and this is true regardless of any issue of active or passive negligence between Gattegno and Muir.

*Id.* Thus, according to *Gattegno,* whether or not on remand the settling defendant should be found to be a joint tortfeasor, the defendant could credit the settlement amount and would not be limited to a proportionate reduction in the event that the settlement exceeded the proportion attributable to the settling defendants. Similarly, in *Bradshaw,* where one defendant had settled for the exact amount of damages later found by the jury and the jury had found the settling defendant liable as a joint tortfeasor, the nonsettling tortfeasor was nevertheless allowed to credit the entire settlement.

The *Gattegno* dicta and *Bradshaw* are the only cases treating the present fact situation cited by the parties. In the other cases relied upon by Pittsburgh Corning in which settlement was greater than the damages awarded by the jury, no finding was made that the settlors were joint tortfeasors. The commentators uniformly agree that a nonsettling tortfeasor should be able to elect the greater of the credit or proportionate reduction, but cite no additional cases. Dorsaneo & Robertson, Comparative Negligence in Texas, 10 Tex.Tech L.Rev. 933, 946 (1979); Hodges, Contribution and Indemnity Among Tortfeasors, 26 Tex.L.Rev. 150, 171 (1947); Comment, Contribution Among Joint Tortfeasors, 44 Tex.L.Rev. 326 (1965); *see also* Edgar, Procedural Aspects of Settlement: An Overview of Texas Law, 12 St. Mary's L.J. 279, 312 (1980); Comment, Settlements in Multiple Tortfeasor Controversies—Texas Law, 10 St. Mary's L.J. 75, 81 n. 54 (1978). *See also Avery v. Maremont Corp.,* 628 F.2d 441, 447–48 (5th Cir.1980) (without discussing the controversy, court applied credit rule where settlor had been found to be a tortfeasor), *but cf. Cypress Creek Utility Service Co. v. Muller,* 640 S.W.2d 860 (Tex.1982).

■ Pittsburgh Corning's theory comports with what authority there is and gives effect to both the *Palestine Contractors* and *Bradshaw* rules. More than this, it appears that Texas law regards the one satisfaction rule as general and controlling, applicable in all circumstances, and so fundamental as to override any other principle conflicting with it. The *Bradshaw* court itself so stated, in terms both sweeping and absolute:

> The question, thus narrowed down, is, What right has Bradshaw, who has been fully compensated for his injuries, to recover further damages? The only answer which accords with justice and the authorities is that he has none. The jury found that $6,500, if paid at the date of trial, would compensate him for the injuries sustained. He had theretofore been paid that exact amount. It is a rule of general acceptation that an injured party is entitled to but one satisfaction for the injuries sustained by him. That rule is in no sense modified by the circumstance that more than one wrongdoer contributed to bring about his injuries. There being but one injury, there can, in justice, be but one satisfaction for that injury.

84 S.W.2d at 705. Like Bradshaw, Mr. Thibodeaux has already received the full amount that the jury found would be just

compensation for all his injuries. And, like Bradshaw, he has no right to more. The judgment below is reversed, and judgment is here rendered that he take nothing of Pittsburgh Corning.

REVERSED AND RENDERED.