**WILLINGHAM AUTO WORLD, Appellant,**

v.

**Eugene R. JONES, Appellee.**

**No. 12–90–00129–CV.**

Court of Appeals of Texas, Tyler.

May 21, 1992.

Rehearing Denied July 10, 1992.

Brent Howard, Tyler, for appellant.

Roland G. Brown, Jacksonville, for appellee.

CHADICK, Justice (Retired).[1]

This is an appeal from a judgment in a consumer's action under the Texas Deceptive Trade Practices–Consumer Protection Act, TEX.BUS. & COM.CODE ANN. § 17.41, *et seq.* (Vernon 1973).[2] The District Court of Smith County awarded plaintiff, Eugene R. Jones, a judgment for $7,216.00 against defendant, Willingham Motors, Inc. d/b/a Willingham Auto World. Auto World appeals. For reasons now to be discussed, the judgment is affirmed.

Plaintiff Jones' original petition, filed May 28, 1987, named Winnebago Industries, Inc. and Auto World as defendants. Auto World filed a cross-action against Winnebago on June 6, 1989, seeking indemnity or contribution if Jones recovered a judgment against it, Auto World. Cross-defendant Winnebago answered by general denial June 19, 1989.

On June 26, 1989, Winnebago and Jones executed a settlement agreement and Jones was paid $8,000.00. On July 31, 1989, after a hearing, the court dismissed Jones' action against Winnebago with prejudice. Jones filed a first amended petition on August 23, 1989. Pleadings will be noticed hereafter in necessary detail when relevant.

The posture of the parties when the case went to jury trial on October 25, 1989, was an action by plaintiff Jones against defendant Auto World for recovery of damages for violation of the DTPA and a cross-action by Auto World against Winnebago for contribution and defense costs.

The court's charge submitted seven questions for jury determination. The jurors' affirmative answer to Question No. 1 found four separate violations of the DTPA by Auto World in maintenance and services performed on Jones' vehicle. In answer to Question No. 2, the jury found Auto World's conduct was the producing cause of each act or omission inquired about in Question No. 1. This special instruction, limited to Question No. 2, was given:

> You are instructed in answering Question No. 2 not to consider any damages which may have resulted in whole or in part from the actions of Winnebago Industries, Inc., but shall confine your consideration to those damages, if any, which you find resulted only from the conduct of WILLINGHAM AUTO WORLD.

Answers to Question No. 3 by the jury established that Auto World's conduct, as to each act or omission inquired about in Question No. 1, was knowingly committed. The jury's answer to Question No. 4 found that the sum of $2,217.00 would compensate Jones for his damages resulting from Auto World's conduct previously found to be the producing cause of Jones' damages. Special instructions to the jury, limited to Question No. 4, were identical with the special instructions regarding Question No. 2, quoted in the paragraph next above. Responding to Question No. 5, the jury assessed $2,000.00 against Auto World as additional damages. By answers to Questions No. 6 and 7, the jury found $3,000.00 per side a reasonable fee for the attorneys of each party.

Prior to submission of the charge to the jury, Auto World filed a written pleading advising the court that it "elected to take as a credit the total sum of $8,000.00 paid in settlement by" Winnebago to Jones.

1. The panel before whom this cause was submitted consisted of T.C. Chadick, Associate Justice (Retired) the Supreme Court of Texas. Honorable Gerald T. Bissett, retired justice, Court of Appeals, Thirteenth District of Texas at Corpus Christi. Honorable Jackson B. Smith, Jr., retired justice, Court of Appeals, First District of Texas at Houston, sitting by assignment of the Chief Justice of the Texas Supreme Court pursuant to TEX.GOV'T CODE ANN. § 74.003(b) (Vernon 1988).

2. Hereafter referred to as DTPA.

The grounds for the request is in this language:

> This cause of action was initially instituted as a claim for joint and several liability against WINNEBAGO INDUSTRIES, INC. and WILLINGHAM AUTO WORLD. Prior to the trial of this cause of action, WINNEBAGO INDUSTRIES, INC., settled with the Plaintiff for the total sum of $8,000.00. In light of said settlement, the Defendant, WILLINGHAM AUTO WORLD, is entitled to elect between a pro rata reduction of damages or a dollar for dollar credit of any monies paid by the settling party, WINNEBAGO INDUSTRIES, INC.

Auto World has briefed one point of error. The error alleged is that the trial court's action in denying Auto World a dollar-for-dollar credit out of Jones' settlement with Winnebago against the judgment in this suit resulted in Jones' receiving a double recovery for his cause of action.

By statute and court decision, Texas has developed a hodgepodge set of rules governing indemnity and contribution. The rules have been the subject of recent consideration and have been recently restated. *Stewart Title Guaranty Co. v. Sterling*, 822 S.W.2d 1 (Tex.1991). The parties agree judgment herein is based solely upon violations of DTPA provisions. Further, Auto World makes no contention that the settlement agreement, by its terms, proves as a matter of law that Jones received full satisfaction[3] for the injuries alleged in his trial pleading. Auto World asserts the contribution scheme authorized by Tex.Bus. & Com.Code Ann. § 17.555 (Vernon 1987)[4] is applicable in this instance. Jones' brief bypasses the Section 17.555 question. Since the appeal may be determined upon other grounds, further notice seems unnecessary.

Auto World's brief concedes only by implication that establishment of Winnebago's joint and several liability with Auto World for producing Jones' alleged injuries has relevance to a recovery of contributions and costs under his cross-action. Below the statement of facts heading of his brief, it is said, "In the Plaintiff's Original Petition, Jones prayed that Winnebago and Willingham be found jointly and severally liable for the damages alleged." In a later paragraph, in connection with the discussion of a motion in limine, the brief contains this sentence, "Willingham asserted that Plaintiff–Appellee was wrongfully trying to separate Winnebago from causation in this matter when Winnebago's activities and/or omissions were an integral and indivisible part of the Plaintiff–Appellee's cause of action." In *Beech Aircraft Corp. v. Jinkins*, 739 S.W.2d 19, 21 (Tex.1987), it is said, "[t]he essential prerequisites for a contribution claim are a judgment finding the party seeking contribution to be a joint tortfeasor and the payment by such party of a disproportionate share of the common liability." *See also Stewart Title Guaranty Co. v. Sterling, supra; Plas–Tex, Inc. v.*

---

**3.** Since *McMillan v. KlingenSmith*, 467 S.W.2d 193 (Tex.1971), the unity of release rule, to the extent theretofore observed, was supplanted by a rule that release of parties named or otherwise specifically identified fully releases only parties so named or identified, but no others. The opinion takes pains to preserve the rule that a claimant in no event will be entitled to recover more than the full satisfaction of his damages enunciated in *Bradshaw v. Baylor University*, 126 Tex. 99, 84 S.W.2d 703 (Tex.Comm'n App. 1935, opinion adopted).

The one satisfaction rule of *Bradshaw* is that a litigant may not obtain more than one recovery for the same injury. It is applied when several tortfeasors commit the same act, as well as when they commit technically different acts which result in a single injury. *Stewart Title Guaranty Co. v. Sterling*, 822 S.W.2d 1 (Tex.

1991); *Bradshaw v. Baylor University, supra; McMillen v. Klingensmith, supra; Brunstetter v. Southern*, 619 S.W.2d 557 (Tex.Civ.App.—San Antonio 1981, writ ref'd n.r.e.).

**4.** Tex.Bus. & Com.Code Ann. § 17.555 (Vernon 1987) provides:

A person against whom an action has been brought under this subchapter may seek contribution or indemnity from one who, under the statute law or at common law, may have liability for the damaging event of which the consumer complains. A person seeking indemnity as provided by this section may recover all sums that he is required to pay as a result of the action, his attorney's fees reasonable in relation to the amount of work performed in maintaining his action for indemnity, and his costs.

*U.S. Steel Corp.*, 772 S.W.2d 442, 446 (Tex. 1989); *Hartford Casualty Ins. Co. v. Walker County Agency, Inc.*, 808 S.W.2d 681 (Tex.App.—Corpus Christi 1991, no writ history). Neither the judgment herein nor the implications of the trial court by entering it finds Winnebago a joint tort-feasor with Auto World.

Jones' original petition alleged joint and several liability and prayed for joint and several judgment against both Winnebago and Auto World. However, before jury trial this original petition was superseded by Jones' first amended original petition, which became Jones' trial pleading. When Jones' amended petition was filed, his original petition, by force of Tex.R.Civ.P. 65, was superseded and ceased thereafter to be a part of the pleadings in the case. There are exceptions to Rule 65, but none apply in this instance. An abandoned pleading, such as Jones' original petition, may be offered to prove up admissions therein, when relevant. 35 Tex. Jur.3d *Evidence* § 246 (1984).

Auto World does urge *Brunstetter v. Southern*, 619 S.W.2d 557 (Tex.Civ.App.—San Antonio 1981, writ ref'd n.r.e.), as a case in which the dollar-for-dollar credit was allowed. If that case may be interpreted as allowing such an offset without a finding of joint liability, it must yield to the later cases cited, such as *Beech Aircraft Corp. v. Jinkins, supra.*

It must be held that neither the abandoned pleading nor *Brunstetter* supports Auto World's contention in this appeal. Auto World's point of error is overruled and the judgment of the trial court is affirmed.