**MIKE LOEHR & COMPANY, INC. d/b/a Landmark Foods, Plaintiff,**

v.

**WAL–MART STORES, INC., Defendant.**

No. 2:93–CV–166.

United States District Court,
E.D. Texas,
Marshall Division.

March 8, 1996.

Galen Watje, Peggy Rose of The Watje Firm, Ltd, Bloomington, MN, Jack Baldwin of Baldwin and Baldwin, Marshall, TX, for Plaintiff.

Ed Merritt, Darren K. Coleman of Harbour, Kenley, Boyland, Smith & Harris, Longview, TX, for Defendant.

## MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

SCHELL, Chief Judge.

This matter is before the court on defendant Wal–Mart Stores, Inc.'s ("Wal–Mart") Motion for Summary Judgment filed on September 19, 1995. Plaintiff Mike Loehr & Company, Inc. d/b/a Landmark Foods ("Landmark") filed a response on October 3, 1995. Wal–Mart subsequently filed a reply, captioned "Supplemental Motion for Summary Judgment and Brief in Support," on October 5, 1995. Landmark filed its "Response to Wal–Mart's Supplemental Motion for Summary Judgment" on October 17, 1995. Based on a review of the parties' submissions in this case, portions of the record in the Arkansas litigation, and the applicable case law, the court is of the opinion that Wal–Mart's Motion for Summary Judgment should be GRANTED IN PART AND DENIED IN PART.

### FACTUAL BACKGROUND

A review of the materials on file in this case reveals the following sequence of events that forms the basis of this action as well as a previous suit in Arkansas. The details and relevance of the Arkansas suit will be explained below.

### A. Apples in Arkansas

In 1991, Landmark was retained by Bowman Apple Products, Inc. ("Bowman") to assist Bowman in selling its apple juice to Wal–Mart.[1] As its commission, Landmark was to receive a specified percentage of the sales receipts for the juice that Wal–Mart purchased from Bowman.[2] Landmark succeeded in arranging a meeting between Wal–

---

1. *See* Def.'s Mot. for Summ.J. at 1; Pl.'s Resp. to Def.'s Mot. for Summ.J. at 1; Pl.'s Arkansas Compl. ¶¶ 31, 32 (Def.'s Ex. C–1); Pl.'s Arkansas Statement of the Case at 2–4 (Def.'s Ex. C–2); Pl.'s Arkansas Trial Br. at 5, ¶ 13 at 8 (Def.'s Ex. C–3); Pl.'s Arkansas Br. in Supp. of Pl.'s Mot. to Amend J. at 2 (Def.'s Ex. C–6); Pl.'s Arkansas Reply to Def.'s Resp. at 1 (Def.'s Ex. C–7); Dep. of Michael D. Loehr at 192, 215, 221–22, 228 & Ex. 16 (Def.'s Ex. C–8); Pl.'s Initial Disclosure No. 3 at 7 (Def.'s Ex. B); Arkansas Trial Tr. at 176 (Def.'s Ex. C–9).

2. *See* Pl.'s Arkansas Compl. ¶¶ 11, 21, 31, 32, 40, 42 (Def.'s Ex. C–1); Pl.'s Arkansas Statement of the Case at 2–5 (Def.'s Ex. C–2); Pl.'s Arkansas Trial Br. at 5, ¶¶ 10–13 at 8, ¶ 27 at 11, 14 (Def.'s Ex. C–3); Pl.'s Arkansas Br. in Supp. of Pl.'s Mot. to Amend J. at 2, 4 (Def.'s Ex. C–6); Dep. of Michael D. Loehr at 192, 215, 222, 228 & Ex. 16 (Def.'s Ex. C–8); Pl.'s Initial Disclosure No. 3 at 7 (Def.'s Ex. B).

Mart purchasing agents and Bowman personnel at Wal–Mart headquarters in Bentonville, Arkansas, in October of 1991, to discuss the sale of Bowman apple juice to Wal–Mart.[3] Before the negotiations commenced, however, Wal–Mart personnel excluded Landmark's representatives from the meeting.[4] Nevertheless, Wal–Mart and Bowman struck a deal for the purchase of Bowman apple juice during this meeting.[5] Over the course of what appears to be a continuing relationship between Bowman and Wal–Mart, Bowman has refused to pay Landmark any commission on its sales of apple juice to Wal–Mart.[6] Further, in a letter dated March 6, 1992, Bowman terminated its brokerage agreement with Landmark.[7]

### B. Litigation in Arkansas

The dispute over Landmark's claim to commissions from Bowman's sale of apple juice to Wal–Mart soon found its way into federal court in Arkansas.[8] Following trial

on both breach of contract and *quantum meruit* theories, the jury returned a general verdict on November 12, 1993, that awarded Landmark five hundred thousand dollars ($500,000).[9] The verdict did not specify which theory that the jury relied upon in awarding damages against Bowman. The court entered judgment on the verdict on November 15, 1993.[10] On appeal, the judgment was affirmed by the United States Court of Appeals for the Eighth Circuit on December 29, 1994.[11] Bowman fully satisfied the Arkansas judgment, along with applicable post-judgment interest, and had its bond and letter of credit released by the Arkansas trial court on January 17, 1995.[12]

### C. Litigation in Texas

During the pendency of the Arkansas case, Landmark filed a complaint against Wal–Mart in the Marshall Division of the United States District Court for the Eastern District of Texas on October 6, 1993.[13] Landmark's

---

3. *See* Pl.'s Resp. to Def.'s Mot. for Summ.J. at 1; Pl.'s Arkansas Compl. ¶ 24 (Def.'s Ex. C–1); Pl.'s Arkansas Statement of the Case at 3 (Def.'s Ex. C–2); Pl.'s Arkansas Trial Br. ¶ 33 at 12 (Def.'s Ex. C–3).

4. *See* Pl.'s Resp. to Def.'s Mot. for Summ.J. at 1; Pl.'s Arkansas Statement of the Case at 3 (Def.'s Ex. C–2); Pl.'s Arkansas Trial Br. ¶¶ 34–35 at 12 (Def.'s Ex. C–3); Dep. of Michael D. Loehr at 212 (Def.'s Ex. C–8); Pl.'s Initial Disclosure No. 1 at 1–2 (Def.'s Ex. B).

5. *See* Pl.'s Resp. to Def.'s Mot. for Summ.J. at 1–2; Pl.'s Arkansas Compl. ¶¶ 36, 41 (Def.'s Ex. C–1); Pl.'s Arkansas Statement of the Case at 3–4 (Def.'s Ex. C–2); Pl.'s Arkansas Trial Br. at 5, ¶ 36 at 12, ¶¶ 41 & 44 at 13, 14 (Def.'s Ex. C–3); Dep. of Michael D. Loehr at 192, 213, 215 (Def.'s Ex. C–8); Pl.'s Initial Disclosure No. 1 at 3 (Def.'s Ex. B).

6. *See* Pl.'s Resp. to Def.'s Mot. for Summ.J. at 2; Pl.'s Arkansas Compl. ¶¶ 28, 32, 42 (Def.'s Ex. C–1); Pl.'s Arkansas Statement of the Case at 3 (Def.'s Ex. C–2); Pl.'s Arkansas Trial Br. at 5, ¶¶ 42–43 at 13, 14, 26, 27 (Def.'s Ex. C–3); Pl.'s Arkansas Br. in Supp. of Pl.'s Mot. to Amend J. at 2, 4 (Def.'s Ex. C–6); Pl.'s Arkansas Reply to Def.'s Resp. at 3 (Def.'s Ex. C–7); Dep. of Michael D. Loehr at 211, 215, 222, 228 (Def.'s Ex. C–8); Arkansas Trial Tr. at 176 (Def.'s Ex. C–9).

7. Letter from Bud Warren, Bowman National Sales Manager, to Mark McKinney, Landmark

Foods 1 (Mar. 6, 1992) (Loehr Dep. Ex. 16) (Def.'s Ex. C–8).

8. The case proceeded before the Honorable Jimm Larry Hendren in the United States District Court for the Western District of Arkansas— Fayetteville Division. The case was styled *Loehr v. Bowman Apple Products, Inc.*, Case No. 92–5063. It is important to note that Wal–Mart was not a party to this litigation.

9. Arkansas Verdict in Case No. 92–5063. (Def.'s Ex. C–4).

10. Arkansas Judgment in Case No. 92–5063. (Def.'s Ex. C–5).

11. Eighth Circuit Judgment in Appeal No. 94–1357/1615WAF (Pl.'s Ex. A3).

12. Arkansas Order Granting Bowman's Motion to Release Bond and Letter of Credit in Case No. 92–5063 (Def.'s Ex. A).

13. The case originally was assigned to the Honorable Sam B. Hall. Following Judge Hall's death, the case was reassigned to the Honorable William M. Steger in Tyler on January 31, 1994. Judge Steger transferred the case to the Honorable David J. Folsom in Texarkana on April 17, 1995. Judge Folsom recused himself from the case on December 15, 1995, and the case was reassigned to Judge Steger on December 19, 1995. Judge Steger recused himself from the case on December 20, 1995. By order of Janu-

complaint alleged causes of action against Wal–Mart for (1) tortious interference with the contractual relationship between Landmark and Bowman; (2) tortious interference with the prospective economic advantage that Landmark's relationship with Bowman afforded; and (3) violations of the Racketeer Influenced and Corrupt Organizations Act[14] ("RICO") allegedly committed with regard to scholarship donations required as part of the agreement between Wal–Mart and Bowman. On June 28, 1994, Wal–Mart moved for summary judgment on all of Landmark's claims. Judge Steger, on November 18, 1994, granted Wal–Mart's motion in part and denied it in part.[15] Specifically, Judge Steger granted Wal–Mart summary judgment on Landmark's RICO claims, finding that Landmark had (1) failed to establish standing to pursue the RICO claims and (2) failed to present evidence of a pattern of RICO violations.[16] Judge Steger's order of November 18, 1995, left Landmark with only its tortious interference claims remaining.

### D. The Motion for Summary Judgment Presently Before the Court

On September 19, 1995, Wal–Mart again moved for summary judgment on Landmark's tortious interference claims.[17] Wal–Mart contends, among other things, that Bowman's satisfaction of the judgment in the Arkansas litigation made Landmark whole for the damages it suffered as a result of the loss of its commissions.[18] As a result, Landmark is precluded from taking "another bite at the apple" in a subsequent action against Wal–Mart.

ANALYSIS

It appears that Landmark has split its adversaries to try to secure a double recovery for the damages it suffered at the hands of Bowman and Wal–Mart. Although a number of legal doctrines would operate to prevent Landmark's pursuit of additional damages against Wal–Mart, the court is of the opinion that application of the Texas single satisfaction rule will dispose of this motion.

The leading Texas case on the single satisfaction rule is *Bradshaw v. Baylor University*.[19] According to *Bradshaw*,

[i]t is a rule of general [acceptance] that an injured party is entitled to but one satisfaction for the injuries sustained by him. That rule is in no sense modified by the circumstance that more than one wrongdoer contributed to bring about his injuries. There being but one injury, there can, in justice, be but one satisfaction for that injury.[20]

In 1991, the Texas Supreme Court further clarified the function of this rule in *Stewart Title Guar. Co. v. Sterling*.[21] "The one satisfaction rule applies to prevent a plaintiff from obtaining more than one recovery for the same injury. Appellate courts have applied the one satisfaction rule when the defendants commit the same act as well as when defendants commit technically differing acts which result in a single injury."[22]

Turning now to the case at hand, the Arkansas jury has determined that the amount of the loss caused to Landmark as a result of Bowman's breach was five hundred thousand dollars ($500,000).[23] Whether

---

ary 26, 1996, this court retained this case for resolution.

14. 18 U.S.C. § 1961 *et seq.*

15. Order Granting in Part and Denying in Part Wal–Mart's Motion for Summary Judgment in Case No. 2: 93–CV–166 (Pl.'s Ex. A2).

16. *Id.* at ——.

17. This court intends to resolve Landmark's claim for tortious interference with prospective business advantage by way of a *sua sponte* Rule 12(b)(6) motion. Accordingly, Wal–Mart's Motion for Summary Judgment will be DENIED as

it relates to Landmark's claim for tortious interference with prospective business advantage.

18. Def.'s Mot. for Summ.J. at 1, 7–8.

19. 126 Tex. 99, 84 S.W.2d 703 (Tex.Comm'n App.1935, opinion adopted), *overruled on other grounds, Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414 (Tex.1984).

20. *Id.* 84 S.W.2d at 705.

21. 822 S.W.2d 1 (Tex.1991).

22. *Id.* at 7.

23. Arkansas Verdict in Case No. 92–5063 (Def.'s Ex. C–4).

Landmark's damages were caused solely by Bowman's breach, or by Wal–Mart's causing Bowman's breach, the total loss to Landmark caused by the breach constitutes a single injury, namely the loss of commissions.[24] According to Texas law, "[t]he basic measure of actual damages for tortious interference with contract is the same as the measure of damages for breach of the contract interfered with, to put the plaintiff in the same economic position he would have been in had the contract interfered with been actually performed."[25] Recovery of the judgment entered pursuant to the Arkansas jury verdict placed Landmark in the same position as if its contract had never been breached.[26]

The Arkansas jury, in an action in which Landmark chose to pursue recovery solely against Bowman, determined that Landmark's damages totaled $500,000. Bowman paid Landmark this sum and was released on January 17, 1995.[27] Thus, Landmark was made whole through its recovery of its damages from Bowman, and the "single satisfaction rule" prohibits a double recovery for its single injury.[28]

Interestingly, this case's unique fact pattern appears as an illustration to a comment following RESTATEMENT (SECOND) OF JUDGMENTS § 50 (1982). Specifically, comment d states that

> [t]he rule that payment of a loss, in whole or in part, by one of several obligors reduces the amount that may be obtained from other obligors also applies when the

amount of the loss has been adjudicated. The adjudication of the amount of the loss also has the effect of establishing the limit of the injured party's entitlement to redress, whoever the obligor may be. This is because the determination of the amount of the loss resulting from actual litigation of the issue of damages results in the injured person's being precluded from relitigating the damages question. Therefore, when a judgment is based on actual litigation of the measure of a loss, and the judgment is thereafter paid in full, the injured party has no enforcible claim against any other obligor who is responsible for the same loss.[29]

Illustration 3 follows this comment to demonstrate the practical effect of the rule described in the text. The fact pattern tracks the facts alleged in this lawsuit perfectly.

> A breaks a contract with B as a result of the acts of C. Following a trial in which the issue of damages was litigated, B obtains judgment against A for $1,000 and is paid that amount by A. Under applicable law, the measure of damages for the losses recoverable from a person inducing breach of contract is the same as that in determining the damages recoverable from the person breaking the contract. B has no claim against C.[30]

According to this analysis, Landmark has no claim against Wal–Mart for tortious interference with contract.

---

24. *See Marcus, Stowell & Beye Gov't Secs., Inc. v. Jefferson Inv. Corp.*, 797 F.2d 227, 233 (5th Cir. 1986); *Stewart Title*, 822 S.W.2d at 7–8.

25. *American Nat'l Petroleum Co. v. Transcontinental Gas Pipe Line Corp.*, 798 S.W.2d 274, 278 (Tex.1990) (citing *Capital Title Co., Inc. v. Donaldson*, 739 S.W.2d 384 (Tex.App.—Houston [1st Dist.] 1987, no writ); *Prowse v. Whitehurst*, 313 S.W.2d 126, 130–31 (Tex.Civ.App.—San Antonio 1957, writ ref'd n.r.e.)). This court declines Landmark's invitation to decide this case based on a theory of damages that Landmark believes will be adopted by Texas in the future. Expansion and development of Texas law is not the role of this court. This case will be decided according to the current state of Texas jurisprudence.

26. *See American Nat'l Petroleum Co.*, 798 S.W.2d at 278.

27. Arkansas Order Granting Bowman's Motion to Release Bond and Letter of Credit in Case No. 92–5063 (Def.'s Ex. A).

28. Landmark's complaint in this case does not specifically pray for punitive damages. Although Landmark might have recovered punitive damages from Wal–Mart had Wal–Mart been included as a party to the Arkansas lawsuit, Landmark chose to pursue its satisfaction from Bowman. As such, Landmark no longer possesses a claim against Wal–Mart that would support an award of punitive damages. *See Twin City Fire Ins. Co. v. Davis*, 904 S.W.2d 663, 665 (Tex.1995).

29. RESTATEMENT (SECOND) OF JUDGMENTS § 50 cmt. d (1982).

30. *Id.* § 50 cmt. d, illus. 3.

## CONCLUSION

For the reasons stated above, Wal–Mart's Motion for Summary Judgment is GRANTED as to Landmark's tortious interference with contract claim and DENIED as to Landmark's tortious interference with prospective business advantage claim.